**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

——————————————————————— x
RONALD F. RAY, Individually and On Behalf :    Civil Action No. 1:21-cv-09620-AJN-OTW
of All Others Similarly Situated,    :
   :    <u>CLASS ACTION</u>
           Plaintiff,    :
   :
     vs.    :
   :
STONECO LTD., THIAGO DOS SANTOS    :
PIAU, LIA MACHADO DE MATOS,    :
RAFAEL MARTINS PEREIRA, and    :
MARCELO BASTIANELLO BALDIN,    :
   :
           Defendants.    :
   :
——————————————————————— x
LANDON DEPUE, Individually and On    :    Civil Action No. 1:21-cv-10468-AJN-OTW
Behalf of All Others Similarly Situated,    :
   :    <u>CLASS ACTION</u>
           Plaintiff,    :
   :
     vs.    :
   :
STONECO LTD., THIAGO DOS SANTOS    :
PIAU, LIA MACHADO DE MATOS,    :
RAFAEL MARTINS PEREIRA, and    :
MARCELO BASTIANELLO BALDIN,    :
   :
           Defendants.    :
   :
——————————————————————— x

**MEMORANDUM OF LAW IN SUPPORT OF MOVANT**
**TULSI CHAULAGAIN'S MOTION FOR CONSOLIDATION, APPOINTMENT AS**
**<u>LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL</u>**

TABLE OF CONTENTS

Page

I.   INTRODUCTION ................................................................................................ 1

II.  SUMMARY OF PLAINTIFFS' COMPLAINTS.................................................. 2

III. ARGUMENT ...................................................................................................... 4

    A.  The Related Actions Should Be Consolidated..................................................... 4

    B.  Chaulagain Should Be Appointed Lead Plaintiff................................................ 4

        1.  Chaulagain's Motion is Timely ................................................................. 5

        2.  Chaulagain Possesses the Largest Financial Interest ................................... 5

        3.  Chaulagain Otherwise Satisfies Rule 23 ...................................................... 6

    C.  Chaulagain's Selection of Counsel Should Be Approved ................................... 7

IV.  CONCLUSION................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Foley v. Transocean Ltd.*,
   272 F.R.D. 126 (S.D.N.Y. 2011) ............................................................................... 7

*Kasilingam v. Tilray, Inc.*,
   No. 1:20-cv-03459-PAC,
   2020 WL 4530357 (S.D.N.Y. Aug. 6, 2020) ........................................................... 6, 7

*Richman v. Goldman Sachs Group, Inc.*,
   274 F.R.D. 473 (S.D.N.Y. 2011) ............................................................................... 4

**STATUTES, RULES AND OTHER AUTHORITIES**

15 U.S.C. § 78U-4(A)(3)(B)(I) .................................................................................... 1

15 U.S.C. § 78u-4(a)(3)(B)(iii) .................................................................................... 1

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ............................................................................... 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ......................................................................... 6

15 U.S.C. § 78u-4(a)(3)(B)(v) ..................................................................................... 2

Fed. R. Civ. P. 23(a) .................................................................................................... 6

Fed. R. Civ. P. 42(a) .................................................................................................. 4, 8

Movant Tulsi Chaulagain ("Chaulagain") respectfully submits this memorandum of law in support of his motion for consolidation, appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, *et seq.*, and for approval of his selection of Johnson Fistel, LLP ("Johnson Fistel") as lead counsel for the proposed class (the "Motion").

## I.    INTRODUCTION

The above-captioned actions pending before this Court are federal securities class actions brought on behalf of investors who purchased or otherwise acquired StoneCo Ltd. ("StoneCo") securities between March 11, 2021 and November 16, 2021, inclusive (the "Class Period").  The complaints charge StoneCo and certain of its executive officers with violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 and Securities and Exchange Commission (SEC) Rule 10b-5 promulgated thereunder.  As such, the actions are governed by the PSLRA.

Pursuant to the PSLRA, the Court must decide whether to consolidate the two related actions before selecting a movant to lead this litigation on behalf of the putative class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).  As discussed below, consolidation is appropriate here under Rule 42(a) because the two actions involve identical questions of law and fact.

Once the consolidation issue is resolved, the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). The Court is to appoint the movant making a timely motion under the PSLRA's sixty day deadline, who asserts the largest financial interest in the litigation, and who also satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).  Accordingly, here, Chaulagain should be appointed lead plaintiff because he: (1)

- 1 -

timely filed this Motion; (2) has the largest financial interest in the outcome of this litigation; and (3) is typical and will adequately represent the class's interests. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

The PSLRA also vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). Because Johnson Fistel is a leading securities class action law firm and has earned a reputation for excellence in shareholder rights litigation, the Court should approve Chaulagain's choice of the firm to serve as lead counsel.

## II.    SUMMARY OF PLAINTIFFS' COMPLAINTS

StoneCo is a provider of financial technology solutions. StoneCo's services allow merchants and other vendors to conduct electronic commerce across in-store, online, and mobile channels, primarily in Brazil. Starting in 2019, StoneCo expanded its offerings to include credit solutions to its customers.

The complaints allege that throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the StoneCo's business, operations, and prospects. Specifically, Defendants allegedly failed to disclose to investors: (i) that StoneCo was experiencing difficulties in implementing its credit product; (ii) that StoneCo faced significant risks via its point-of-sale vendor, PAX Global Technology Ltd. ("PAX Global"); (iii) that, as a result of the foregoing, the Company's financial results would be adversely impacted.

On August 30, 2021, StoneCo announced its second quarter 2021 financial results, reporting an 8.1% year-over-year decrease in revenue "mainly due to adjustments in credit fair value and significantly lower credit disbursements." The Company stated that it had "implemented some prudent actions, like temporarily stopping the disbursement of credit and increasing coverage

for potential future losses, which impacted [StoneCo's] reported results for the quarter." On this news, the Company's share price fell $2.96 to close at $46.54 per share on August 31, 2021, on unusually heavy trading volume.

On October 26, 2021, PAX Global's Florida offices were raided by the U.S. Federal Bureau of Investigation, the Department of Homeland Security, and several other agencies as part of a federal investigation. As a Viceroy Research report on October 27, 2021 pointed out, StoneCo stated that PAX Global "is no longer [its] sole provider of POS services, [but the Company is] still substantially dependent on it to manufacture and assemble a substantial amount of [its] POS devices." Moreover, another company replaced its PAX Global terminals "because it did not receive satisfactory answers from PAX [Global] regarding its POS devices connecting to websites not listed in their supplied documentation." On this news, the Company's share price fell $2.64 per share to close at $33.81 per share on October 27, 2021.

Then, on November 16, 2021, StoneCo announced that it would "start retesting our original [credit] product, which is short-term loans, between the fourth quarter of '21 and the first quarter of '22." The Company could not provide specific guidance about when credit volumes would return to levels before StoneCo had halted origination of credit. On this news, the Company's share price plummeted $10.96, or 34%, to close at $20.70 per share on November 17, 2021, thereby injuring investors further.

Because Defendants allegedly knowingly or recklessly made false and materially misleading public statements, the complaints charge them with violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5 promulgated thereunder.

- 3 -

## III.     ARGUMENT

### A.     The Related Actions Should Be Consolidated

The Court may consolidate related actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Here, the two related actions assert the same claims against the same Defendants on behalf of the same putative class of investors. Accordingly, the actions should be consolidated. *See Richman v. Goldman Sachs Group, Inc.*, 274 F.R.D. 473, 475 (S.D.N.Y. 2011) ("There is no doubt that these actions, which make nearly identical allegations, involve common questions of law and fact, should be consolidated pursuant to Federal Rule of Civil Procedure 42(a)(2).").

### B.     Chaulagain Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff. First, "[n]ot later than twenty (20) days" after the initial complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "no later than sixty (60) days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

- 4 -

Here, Chaulagain meets each of these requirements and should be appointed lead plaintiff and permitted to select lead counsel for the class, subject to Court approval.

### 1. Chaulagain's Motion is Timely

The statutory notice published on November 19, 2021, advised class members of the pendency of the initial action, the claims asserted therein, the proposed class period, and the right to move the Court to be appointed as lead plaintiff within sixty days, or by January 18, 2022. *See* Declaration of Ralph M. Stone in Support of Tulsi Chaulagain's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Stone Decl."), filed herewith, Exh. A (PSLRA Press Release).

Because this Motion is being filed on January 18, 2022, it is timely, and Chaulagain is entitled to be considered for appointment as lead plaintiff.

### 2. Chaulagain Possesses the Largest Financial Interest

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the movant with "the largest financial interest in the relief sought by the class," so long as the movant "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Chaulagain suffered $89,080.18 in estimated PSLRA losses as a result of purchasing 8,200 StoneCo shares during the Class Period. *See* Stone Decl., Exh. B (PSLRA Certification) and Exh. C (Financial Interest Calculation). Accordingly, Chaulagain has a substantial financial interest in directing this litigation and recovering losses attributable to Defendants' alleged violations of the federal securities laws. To the best of his counsel's knowledge, there are no other plaintiffs or movants with larger financial interests during the Class Period. Therefore, Chaulagain satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3.   Chaulagain Otherwise Satisfies Rule 23

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).   Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(3)–(4). At the lead plaintiff stage, movants are only required to make a *prima facie* showing of typicality and adequacy.  *Kasilingam v. Tilray, Inc.*, No. 1:20-cv-03459-PAC, 2020 WL 4530357, at *2 (S.D.N.Y. Aug. 6, 2020).

In determining whether a movant satisfies the "typicality" requirement, courts consider whether its claims arise from the same conduct and same legal theory for the defendants' alleged liability. *Id.* at *3.  The typicality requirement is satisfied here because Chaulagain seeks the same relief and advances the same legal theories as other class members.   Indeed, like other class members: (i) Chaulagain purchased StoneCo shares during the Class Period; (ii) his purchases were at prices artificially inflated by Defendants' false and misleading public statements; and (iii) he was damaged thereby.  Chaulagain's claims therefore arise from the same course of events and his legal arguments to prove Defendants' liability are identical to the balance of the class.

The adequacy element of Rule 23 is satisfied where the lead plaintiff can "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).  Thus, in evaluating whether Chaulagain satisfies the adequacy requirement, the Court should consider whether he "has selected counsel 'qualified, experienced, and generally able to conduct the litigation,' he has no conflict with the other class members, and his financial interest is sufficient to ensure 'vigorous

- 6 -

advocacy.'" *Kasilingam*, 2020 WL 4530357, at *3 (quoting *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011)).

Here, Chaulagain has retained counsel experienced in prosecuting securities class actions under the PSLRA. *See* section III(C), below. Additionally, no antagonism exists between his interests and those of the absent class members. Their interests are squarely aligned. Moreover, Chaulagain has amply demonstrated his adequacy by signing the sworn PSLRA certification and declaration submitted herewith evidencing his willingness to serve as a representative party on behalf of the class, including testifying at deposition or trial, if necessary. *See* Stone Decl., Exh. B (PSLRA Certification) & Exh. D (Declaration of Tulsi Chaulagain). Finally, Chaulagain's significant losses in connection with his investments in StoneCo shares ensure that he has the incentive to vigorously pursue the claims against Defendants.

Because Chaulagain has the largest financial interest in the action and has made *a prima facie* showing of typicality and adequacy, he should be appointed lead plaintiff.

### C. Chaulagain's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). Chaulagain has selected Johnson Fistel to serve as lead counsel for the proposed class.

Johnson Fistel, with offices in New York, Georgia, and California, is a leading shareholder rights law firm and has earned a reputation for excellence and innovation in shareholder and complex litigation. The firm and its attorneys have been appointed as lead or co-lead counsel in shareholder litigation in both federal and state courts throughout the country and have successfully litigated numerous such cases on behalf of injured investors. *See* Stone Decl., Exh. E (Johnson Fistel Firm Resume). In fact, courts and clients alike have praised Johnson Fistel and its attorneys

for their capabilities in complex cases such as the present case. *Id.* There can be little doubt that as lead counsel, Johnson Fistel's extensive experience and track record of success in complex shareholder litigation like the present case, combined with its client-driven track record, will serve lead plaintiff and the class well.

Thus, the Court can be assured that by approving Chaulagain's choice of Johnson Fistel as lead counsel, the putative class will receive the highest caliber of legal representation.

## IV.    CONCLUSION

The two related actions are nearly identical and should be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. Once the actions are consolidated, Chaulagain, who meets all of the PSLRA's lead plaintiff requirements, respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Johnson Fistel as Lead Counsel.

DATED: January 18, 2022                    **JOHNSON FISTEL, LLP**

                                          */s/ Ralph M. Stone*
                                          Ralph M. Stone
                                          1700 Broadway, 41st Floor
                                          New York, NY 10019
                                          Telephone: (212) 292-5690
                                          Facsimile: (212) 292-5680
                                          RalphS@johnsonfistel.com

                                          **JOHNSON FISTEL, LLP**
                                          Michael I. Fistel, Jr.
                                          40 Powder Springs Street
                                          Marietta, GA 30064
                                          Telephone: (470) 632-6000
                                          Facsimile: (770) 200-3101
                                          MichaelF@johnsonfistel.com

                                          ***Counsel for Movant Tulsi Chaulagain***

- 8 -