**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RONALD F. RAY, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> STONECO LTD., THIAGO DOS SANTOS PIAU, LIA MACHADO DE MATOS, RAFAEL MARTINS PEREIRA, and MARCELO BASTIANELLO BALDIN, <br><br> Defendants. | No. 1:21-cv-09620-AJN <br><br> Judge Alison J. Nathan <br><br> <u>CLASS ACTION</u> <br><br><br> <u>ORAL ARGUMENT REQUESTED</u> |
| LANDON DEPUE, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> STONECO LTD., THIAGO DOS SANTOS PIAU, LIA MACHADO DE MATOS, RAFAEL MARTINS PEREIRA, and MARCELO BASTIANELLO BALDIN, <br><br> Defendants. | No. 1:21-cv-10468-AJN |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE INDIANA PUBLIC RETIREMENT SYSTEM FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

**TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

ARGUMENT .............................................................................................................................. 3

I.     THE ACTIONS SHOULD BE CONSOLIDATED ......................................................... 3

II.    INDIANA SHOULD BE APPOINTED LEAD PLAINTIFF ......................................... 4

    A.    The PSLRA Standard for Appointing Lead Plaintiff .......................................... 4

    B.    Indiana Is the "Most Adequate Plaintiff" ............................................................ 5

        1.    Indiana's Motion Is Timely ....................................................................... 5

        2.    Indiana Has a Substantial Financial Interest ............................................. 6

        3.    Indiana Satisfies Rule 23's Typicality and Adequacy Requirements ...................... 6

            a.    Indiana's Claims Are Typical of Those of the Class .......................................... 7

            b.    Indiana Satisfies the Adequacy Requirement of Rule 23 ................................. 7

        4.    Indiana Is Precisely the Type of Lead Plaintiff Congress Envisioned When It Passed the PSLRA .................................................................................... 8

III.    INDIANA'S SELECTION OF LEAD COUNSEL MERITS APPROVAL .................... 10

CONCLUSION ......................................................................................................................... 11

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Albert Fadem Trust v. Citigroup Inc.*,
   239 F. Supp. 2d 344 (S.D.N.Y. 2002) ........................................................................3

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
   252 F.R.D. 188, 190 (S.D.N.Y. 2008) ........................................................................3

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) .....................................................................................10

*In re Elan Corp. Sec. Litig.*,
   No. 1:08-cv-08761-AKH, 2009 WL 1321167 (S.D.N.Y. May 11, 2009) ................8

*Faig v. Bioscrip, Inc.*,
   No. 13 Civ. 06922 (AJN), 2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013) ...........6, 7

*Glauser v. EVCI Career Colls. Holding Corp.*,
   236 F.R.D. 184 (S.D.N.Y. 2006) ........................................................................2, 3, 4

*Kemp v. Universal Am. Fin. Corp.*,
   No. 05 Civ. 9883 (JFK), 2006 WL 1190691 (S.D.N.Y. May 1, 2006) ....................6

*In re KIT Digital,, Inc. Sec. Litig.*,
   293 F.R.D. 441 (S.D.N.Y. 2013) ..............................................................................9

*Kux-Kardos v. VimpelCom, Ltd.*,
   151 F. Supp. 3d 471 (S.D.N.Y. 2016) ......................................................................7

*Lowinger v. Global Cash Access Holdings, Inc.*,
   No. 08 Cv. 3516 (SWK), 2008 WL 2566558 (S.D.N.Y. June 26, 2008) ..................3

*Micholle v. Ophthotech Corp.*,
   No. 17-CV-210 (VSB), 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018) .............5, 7, 9

*In re Orion Sec. Litig.*,
   No. 08 Civ. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 8, 2008) ..................2, 3

*Peifa Xu v. Gridsum Holding Inc.*,
   No. 18 Civ. 3655 (ER), 2018 WL 4462363 (S.D.N.Y. Sept. 17, 2018) ...................3

*Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*,
   No. CV 09-3007(SJF)(AKT), 2010 WL 3924862 (E.D.N.Y. Aug. 17, 2010) .....6, 7

*Randall v. Fifth St. Fin. Corp.*,
   No. 15-cv-7759, 2016 WL 462479 (S.D.N.Y. Feb. 1, 2016) ....................................................6

*Rauch v. Vale S.A.*,
   378 F. Supp. 3d 198 (E.D.N.Y. 2019) ......................................................................5, 6, 7, 8

*Reitan v. China Mobile Games & Entm't Grp., Ltd.*,
   68 F. Supp. 3d 390 (S.D.N.Y. 2014).......................................................................................9

*In re: Synergy Pharms. Inc. Sec. Litig.*,
   No. 18 Civ. 873 (AMD) (VMS), 2019 WL 6150713 (E.D.N.Y. Nov. 20, 2019).....................9

*In re Third Ave. Mgmt. LLC Sec. Litig.*,
   No. 16-cv-02758 (PKC), 2016 WL 2986235 (S.D.N.Y. May 13, 2016)...................................6

## Rules & Statutes

Fed. R. Civ. P. 23 ................................................................................................................ *passim*

Fed. R. Civ. P. 42 ........................................................................................................................6

15 U.S.C. § 78u-4 *et seq*. ................................................................................................ *passim*

## Docketed Cases

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
   No. 04-cv-08141 (S.D.N.Y.)...................................................................................................11

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
   No. 08-md-01963 (S.D.N.Y.) .................................................................................................11

*Bristol Cty. Ret. Sys. v. Qurate Retail Grp., Inc.,*
   No. 18-cv-02300 (D. Colo.) ...................................................................................................10

*In re Fannie Mae 2008 Sec. Litig.*,
   No. 08-cv-07831 (S.D.N.Y.)...................................................................................................11

*Karinski v. Stamps.com, Inc.,*
   No. 19-cv-01828 (C.D. Cal.) ..................................................................................................10

*In re Neustar, Inc. Sec. Litig.*,
   No. 14-cv-00885 (E.D. Va.) ...................................................................................................10

*In re SAIC, Inc. Sec. Litig.,*
   No. 12-cv-01353 (S.D.N.Y.) ..................................................................................................10

*In re Satyam Comput. Servs. Ltd. Sec. Litig.,*
   No. 09-md-02027 (S.D.N.Y.) .................................................................................................11

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ........................2, 8, 10

S. Rep. No. 104-98 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679...................................................2

Proposed Lead Plaintiff the Indiana Public Retirement System ("Indiana") respectfully submits this Memorandum of Law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of its motion for the entry of an Order: (i) consolidating the above-captioned actions; (ii) appointing Indiana as Lead Plaintiff; (iii) approving Indiana's selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel for the Class; and (iv) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Presently pending before the Court are two related securities class actions (the "Actions"). The Actions allege that StoneCo Ltd., ("StoneCo" or the "Company") and certain of its executive officers and/or directors (together, "Defendants"), violated Sections 10(b) and 20(a) of the Exchange Act, and SEC Rule 10b-5 promulgated thereunder. The Actions have been brought on behalf of all persons or entities who purchased or otherwise acquired StoneCo securities between March 11, 2021 and November 16, 2021, inclusive (the "Class Period"), and were damaged thereby (the "Class").

The PSLRA requires that the Court appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which movant has the "largest financial interest" in the relief sought by the Class, and also whether such movant has made a *prima facie* showing that it is a typical and adequate Class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

For the reasons discussed below, Indiana—a sophisticated institutional investor—respectfully submits that it is the "most adequate plaintiff" under the PSLRA and should be

1

appointed Lead Plaintiff.  Indiana incurred significant losses of ***$1,116,118*** on its Class Period

transactions in StoneCo securities as calculated on a last-in-first-out ("LIFO") basis.[1]

Accordingly, Indiana has a substantial financial interest in directing this litigation and recovering

losses attributable to Defendants' violations of federal securities laws—an interest believed to be

greater than that of any other qualified movant.

In addition to asserting a substantial financial interest in this litigation, Indiana also meets

the typicality and adequacy requirements of Rule 23 because: (i) its claims arise from the same

course of events as those of the other Class members, (ii) it relies on similar legal theories to prove

Defendants' liability, and (iii) it has retained experienced counsel and is committed to vigorously

prosecuting the Action.  Furthermore, the PSLRA's legislative history shows that a large,

sophisticated institutional investor like Indiana is precisely the type of investor that Congress

intended to empower to lead securities class action litigation.  *See* H.R. Conf. Rep. No. 104-369,

at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733; S. Rep. No. 104-98, at 6 (1995), *reprinted*

*in* 1995 U.S.C.C.A.N. 679, 685; *see also Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D.

184, 188 (S.D.N.Y. 2006) ("the PSLRA was passed . . . to increase the likelihood that institutional

investors would serve as lead plaintiffs in actions such as this one") (citation omitted).

Finally, pursuant to the PSLRA, Indiana respectfully requests that the Court approve the

selection of Labaton Sucharow as Lead Counsel for the Class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v)

("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel

---

[1] A copy of the PSLRA-required Certification, signed by Steven R. Russo, as Executive Director of Indiana ("Certification"), is attached as Exhibit A to the Declaration of Francis P. McConville (the "McConville Decl.").  The Certification sets forth all transactions of Indiana in StoneCo securities during the Class Period.  In addition, a table reflecting the calculation of financial losses sustained by Indiana on its Class Period transactions in StoneCo securities ("Loss Analysis") is attached as Exhibit B to the McConville Decl.

to represent the class"). Labaton Sucharow is a nationally recognized securities class action firm that has recovered billions of dollars for the benefit of injured investors, and has the expertise and resources necessary to handle litigation of this complexity and scale.

Accordingly, Indiana respectfully requests that the Court appoint it as Lead Plaintiff for the Class and approve its choice of Lead Counsel.

## ARGUMENT

### I.   THE ACTIONS SHOULD BE CONSOLIDATED

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii); *see also Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) ("[T]he Court shall not make the determination of the most adequate plaintiff until after the decision on the motion to consolidate is rendered.") (quotation marks and citation omitted).

Consolidation pursuant to Rule 42(a) is appropriate when actions "involve common questions of law or fact." *Peifa Xu v. Gridsum Holding Inc.*, No. 18 Civ. 3655 (ER), 2018 WL 4462363, at *3 (S.D.N.Y. Sept. 17, 2018). "A determination on the issue of consolidation is left to the sound discretion of the Court." *Albert Fadem Trust v. Citigroup Inc.*, 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990); *Zicklin v. Breuer*, 534 F. Supp. 745, 749 (S.D.N.Y. 1982)). "'[C]onsolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and reports.'" *Lowinger v. Global Cash Access Holdings, Inc.*, No. 08 Cv. 3516 (SWK), 2008 WL 2566558, at *1 (S.D.N.Y. June 26, 2008) (citing *Glauser v. EVCI Ctr. Colls. Holding Corp.*, 236 F.R.D. 184, 186 (S.D.N.Y. 2006)). "[S]light differences in the facts alleged and legal

3

issues raised do not preclude consolidation." *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *3 (S.D.N.Y. July 8, 2008) (citation omitted).

The Actions are well-suited for consolidation. The complaint filed in each of the Actions alleges that Defendants violated the Exchange Act. Each action sets forth identical allegations relating to similar parties, transactions, and events. Because consolidation will promote judicial efficiency and conserve the resources of the Class and all other parties, consolidation is appropriate pursuant to Rule 42(a). Accordingly, Indiana respectfully requests that the Court consolidate the Actions, and any other subsequently-filed action.

## II.    INDIANA SHOULD BE APPOINTED LEAD PLAINTIFF

Indiana respectfully submits that it should be appointed Lead Plaintiff because it filed the instant motion in a timely manner, has a substantial financial interest in this litigation, and satisfies the typicality and adequacy requirements of Rule 23.

### A.    The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff). First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, a court is to consider any motion made by class members to serve as Lead Plaintiff and appoint the "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(i).  In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person or group of persons who: (i) filed a complaint or timely filed a motion to serve as Lead Plaintiff, (ii) has the largest financial interest in the relief sought by the class, and (iii) who otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Micholle v. Ophthotech Corp.*, No. 17-CV-210 (VSB), 2018 WL 1307285, at *4 (S.D.N.Y. Mar. 13, 2018) (same); *Rauch v. Vale S.A.*, 378 F. Supp. 3d 198, 211 (E.D.N.Y. 2019) (same).  Under the framework established by the PSLRA, Indiana is the most adequate plaintiff and should be appointed Lead Plaintiff.

### B.      Indiana Is the "Most Adequate Plaintiff"

#### 1.      Indiana's Motion Is Timely

Indiana filed this motion to serve as Lead Plaintiff in a timely manner.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the first-filed action caused notice regarding the pending nature of this case to be published on *Business Wire,* a widely-circulated, national, business-oriented news wire service, on November 19, 2021.  *See* Notice, McConville Decl., Ex. C.  Thus, pursuant to the PSLRA, any person who is a member of the proposed Class may apply to be appointed lead plaintiff within sixty days after publication of the notice, *i.e.*, on or before January 18, 2022.  Indiana filed its motion seeking appointment as Lead Plaintiff within this deadline and thus has satisfied the procedural requirements of the PSLRA.  *See Vale S.A.*, 378 F.

Supp. 3d at 207 (finding lead plaintiff motion timely when filed on last day of noticed sixty day period).

### 2. Indiana Has a Substantial Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Kemp v. Universal Am. Fin. Corp.*, No. 05 Civ. 9883 (JFK), 2006 WL 1190691, at *2 (S.D.N.Y. May 1, 2006).

Indiana incurred a substantial loss of ***$1,116,118*** on its transactions in StoneCo securities on a LIFO basis during the Class Period. *See* Loss Analysis, McConville Decl., Ex. B; *see also Faig v. Bioscrip, Inc.*, No. 13 Civ. 06922 (AJN), 2013 WL 6705045, at *2 (S.D.N.Y. Dec. 19, 2013) (finding the movant with the largest financial interest to be the presumptive "most adequate plaintiff"). Accordingly, Indiana has a substantial financial interest as a qualified movant seeking Lead Plaintiff status, and is the presumptive "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Randall v. Fifth St. Fin. Corp.*, No. 15-cv-7759 (LANK), 2016 WL 462479, at *1 (S.D.N.Y. Feb. 1, 2016) (same).

### 3. Indiana Satisfies Rule 23's Typicality and Adequacy Requirements

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Third Ave. Mgmt. LLC Sec. Litig.,* No. 16-cv-02758 (PKC), 2016 WL 2986235, at *1 (S.D.N.Y. May 13, 2016); *see also Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*, No. CV 09-3007(SJF)(AKT), 2010 WL 3924862, at *5 (E.D.N.Y. Aug. 17, 2010) (explaining that the prerequisites for appointment as Lead Plaintiff include satisfaction of the requirements of Rule 23). "In a PSLRA motion to appoint lead plaintiff, the Court considers only whether the proposed plaintiff has made a 'preliminary

showing' that . . . Rule 23's requirements . . . are satisfied." *Vale S.A.*, 378 F. Supp. 3d at 209–10

(quoting *Ford v. Voxx Int'l Corp.*, No. 14-CV-4183, 2015 WL 4393798, at *3 (E.D.N.Y. July 16,

2015)); *see also Kux-Kardos v. VimpelCom, Ltd.,* 151 F. Supp. 3d 471, 477 (S.D.N.Y. 2016);

*Comtech*, 2010 WL 3924862, at *5 (same).  Here, Indiana satisfies both requirements.

### a.    Indiana's Claims Are Typical of Those of the Class

The Rule 23(a) typicality requirement is satisfied when a plaintiff's "claims arise from the

same course of events and each class member makes similar legal arguments to prove defendant's

liability." *Vale S.A.*, 378 F. Supp. 3d at 210 (quoting *In re Symbol Techs., Inc. Sec. Litig.*, No. 05-

CV-3923, 2006 WL 1120619, at *3 (E.D.N.Y. Apr. 26, 2006)).  Rule 23 does not require the lead

plaintiff to be identically situated with all class members. *See Faig*, 2013 WL 6705045, at *3.

Indiana's claims are typical of the claims asserted by the proposed Class.  Like all members

of the Class, Indiana alleges that Defendants made material misstatements and omissions in

violation of the federal securities laws.  Indiana, as did all of the members of the Class, purchased

StoneCo securities in reliance on Defendants' alleged misstatements and omissions and was

damaged thereby. *See Comtech*, 2010 WL 3924862, at *5 (finding typicality satisfied where the

plaintiff purchased securities "during the class period at artificially inflated prices in reliance upon

Defendants' misrepresentations in violation of the Exchange Act, and also . . . incurred damages

as a result" thereof).  Because Indiana's claims "arise out of the same course of events" as do the

claims of other class members, the typicality requirement is satisfied. *Vale S.A.*, 378 F. Supp. 3d

at 210; *see also Ophthotech*, 2018 WL 1307285, at *6.

### b.    Indiana Satisfies the Adequacy Requirement of Rule 23

Indiana likewise satisfies the adequacy requirement of Rule 23.  The adequacy of

representation requirement of Rule 23(a)(4) is satisfied when a representative party establishes that

it "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  "In

analyzing the adequacy requirement in the context of appointing lead plaintiff, courts consider: (1) whether the proposed class counsel is qualified, experienced, and generally able to conduct the litigation; (2) whether the proposed lead plaintiff has interests that are antagonistic to other class members; and (3) whether the proposed lead plaintiff and the class possess sufficient interest to pursue vigorous prosecution of their claims." *Vale S.A.*, 378 F. Supp. 3d at 210 (internal quotation marks and citation omitted); *see also In re Elan Corp. Sec. Litig.*, No. 1:08-cv-08761-AKH, 2009 WL 1321167, at *2 (S.D.N.Y. May 11, 2009).

Indiana will fairly and adequately represent the interests of the proposed Class. Indiana has retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, *see infra* Section III, and timely submitted its choice to the Court for approval, in accordance with the PSLRA. *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (B)(v). Furthermore, no antagonism exists between Indiana's interests and those of the absent Class members; rather, the interests of Indiana and Class members are squarely aligned. Indiana suffered substantial losses due to Defendants' alleged misconduct and, therefore, has a sufficient interest in the outcome of this case to ensure vigorous prosecution of this action.

Finally, there is no proof that Indiana is "subject to unique defenses that render such plaintiff incapable of representing the class," because no such proof exists. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, Indiana satisfies the adequacy requirement.

### 4.   Indiana Is Precisely the Type of Lead Plaintiff Congress Envisioned When It Passed the PSLRA

In addition to satisfying the requirements of Rule 23, Indiana is precisely the type of investor Congress envisioned, through the enactment of the PSLRA, to encourage to assume a more prominent role in securities litigation. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing

the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. *See id.* at 34-35, *reprinted in* 1995 U.S.C.C.A.N. at 733-34.

To this end, many courts, including courts in this District, have recognized that the legislative history reflects a clear preference for institutional investors to be appointed as lead plaintiff in securities class actions. *See, e.g., Reitan v. China Mobile Games & Entm't Grp., Ltd. (*"*China Mobile*"*)*, 68 F. Supp. 3d 390, 396 (S.D.N.Y. 2014) (collecting cases and recognizing that "many courts have demonstrated a clear preference for institutional investors to be appointed as lead plaintiffs") (citation omitted); *In re KIT Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 446 (S.D.N.Y. 2013) (noting the "statutory preference for institutional lead plaintiffs"); *Ophthotech*, 2018 WL 1307285, at *6 (noting that "courts have a preference for appointing institutional investors as lead plaintiffs"); *see also In re: Synergy Pharms. Inc. Sec. Litig.*, No. 18 Civ. 873 (AMD) (VMS), 2019 WL 6150713, at *2 (E.D.N.Y. Nov. 20, 2019) ("The PSLRA's goals were to be achieved by encouraging institutional investors to serve as lead plaintiffs in a single consolidated proceeding.") (citation omitted).

Indiana—a sophisticated institutional investor responsible for managing approximately $37 billion in assets on behalf of over 460,000 members and retirees—is exactly the type of Lead Plaintiff that Congress encouraged, through the enactment of the PSLRA, to lead securities class actions. As an institutional investor, Indiana maintains a dedicated in-house counsel and devoted staff, who monitor all outside counsel and oversee the prosecution of securities class actions in

9

which Indiana has a role.  These personnel are highly experienced in conducting and supervising complex litigation and have repeatedly demonstrated their ability to oversee counsel and successfully prosecute securities class actions under the PSLRA.

Moreover, based on its experience serving as a lead plaintiff in other securities class actions, Indiana is well aware of the Lead Plaintiff's obligations under the PSLRA to oversee and supervise the litigation separate and apart from counsel.  For example, Indiana served as lead plaintiff in *In re SAIC, Inc. Securities Litigation*, No. 12-cv-01353 (S.D.N.Y.), which resulted in a $6.5 million recovery for investors.  Indiana also served as lead Plaintiff in *Bristol County Retirement System v. Qurate Retail Group, Inc.*, No. 18-cv-02300 (D. Colo.) (recovering $5.75 million for investors), and *In re Neustar, Inc. Sec. Litig.*, No. 14-cv-00885 (E.D. Va.) (recovering $2.625 million for investors).  In addition, Indiana currently serves as lead plaintiff in *Karinski v. Stamps.com, Inc.*, No. 19-cv-01828 (C.D. Cal.), in which it recently succeeded in achieving preliminary approval of $100 million settlement for injured investors.

Accordingly, Indiana has the sophistication and resources necessary to effectively litigate this matter and supervise Class counsel.

## III.    INDIANA'S SELECTION OF LEAD COUNSEL MERITS APPROVAL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001) (stating that "the Reform Act evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention").  Consistent with Congressional intent, a court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the plaintiff class."  *See* H.R. Conf. Rep. No. 104-369, at 35 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 734.

10

Here, Indiana has selected the law firm of Labaton Sucharow to represent the Class. Labaton Sucharow has excelled as lead counsel in numerous actions on behalf of defrauded investors. For example, Labaton Sucharow served as lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-08141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors; and secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-01963 (S.D.N.Y.), in which the Firm served as co-lead counsel. Labaton Sucharow also served as co-lead counsel in *In re Satyam Computer Services Ltd. Securities Litigation*, No. 09-md-02027 (S.D.N.Y.), through which it helped recover from the company and its auditors a total of $150.5 million for class members, and secured a $170 million recovery as co-lead counsel in *In re Fannie Mae 2008 Securities Litigation*, No. 08-cv-07831 (S.D.N.Y.). Labaton Sucharow presently serves as lead or co-lead counsel in several significant investor class actions. *See* Labaton Sucharow Firm Resume, McConville Decl., Ex. D.

In light of the foregoing, the Court should approve Indiana's selection of Labaton Sucharow as Lead Counsel for the Class. The Court can be assured that, by approving Indiana's choice of counsel, the Class will receive the highest caliber of representation.

## CONCLUSION

For the foregoing reasons, Indiana respectfully requests that the Court grant its motion and enter an Order: (i) consolidating the above-captioned actions; (ii) appointing Indiana as Lead Plaintiff; (iii) approving Indiana's selection of Labaton Sucharow as Lead Counsel for the Class; and (iv) granting such other and further relief as the Court may deem just and proper.

DATED: January 18, 2022                                     Respectfully submitted,

                                                            */s/ Francis P. McConville*

                                                            Christopher J. Keller

Eric J. Belfi
Francis P. McConville
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

*Counsel for Lead Plaintiff Movant Indiana Public Retirement System and Proposed Lead Counsel for the Class*

12