**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RONALD F. RAY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STONECO LTD., THIAGO DOS SANTOS PIAU, LIA MACHADO DE MATOS, RAFAEL MARTINS PEREIRA, and MARCELO BASTIANELLO BALDIN,<br><br>Defendants. | CASE No.: 1:21-cv-09620-AJN-OTW<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF AUDREY HOLDINGS GROUP LIMITED TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL<br><br><u>CLASS ACTION</u> |
| LANDON DEPUE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STONECO LTD., THIAGO DOS SANTOS PIAU, LIA MACHADO DE MATOS, RAFAEL MARTINS PEREIRA, and MARCELO BASTIANELLO BALDIN,<br><br>Defendants. | CASE No.: 1:21-cv-10468-AJN<br><br><u>CLASS ACTION</u> |

1

Plaintiff AUDREY HOLDINGS GROUP LIMITED ("Movant" or "Audrey") respectfully submits this memorandum of law in support of its motion for an Order, pursuant to Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)    that the related actions should be consolidated as they involve common questions of law and fact and consolidation would promote judicial economy;

(b)    appointing Movant as Lead Plaintiff for the class of all purchasers the securities of StoneCo Ltd. ("Stone" or the "Company") between March 11, 2021 and November 16, 2021, both dates inclusive (the "Class Period"); and

(c)    approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

This action was commenced on November 19, 2021 against Stone, Thiago Dos Santos Piau, Lia Machado de Matos, Rafael Martins Pereira, and Marcelo Bastianello Baldin for violations under the Exchange Act. That same day, an early notice pursuant to the PSLRA was published advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Ex. 1 hereto. On December 7, 2021 the related action *Depue v. StoneCo Ltd., et al.*, case no. 1:21-cv-10468-AJN, was filed, alleging substantially similar claims under the Exchange Act against the same defendants covering the same Class Period.

Stone is a provider of financial technology solutions. Stone's services allow merchants and other vendors to conduct electronic commerce across in-store, online, and mobile channels, primarily in Brazil.

2

The complaints allege that during the Class Period Defendants made false and misleading statements and/or failed to disclose that: (1) Stone was experiencing difficulties in implementing its credit product; (2) Stone faced significant risks via its point-of-sale vendor, PAX Global Technology Ltd.; (3) as a result of the foregoing, the Company's financial results would be adversely impacted; and (4) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

Then on August 30, 2021, after the market closed, Stone announced its second quarter 2021 financial results in a press release, reporting an 8.1% year-over-year decrease in revenue "mainly due to adjustments in credit fair value and significantly lower credit disbursements." The Company stated that it had "implemented some prudent actions, like temporarily stopping the disbursement of credit and increasing coverage for potential future losses, which impacted [Stone's] reported results for the quarter." On this news, the Company's share price fell $2.96, to close at $46.54 per share on August 31, 2021, on unusually heavy trading volume.

On October 26, 2021, PAX Global Technology Ltd's Florida offices were raided by the U.S. Federal Bureau of Investigation, the Department of Homeland Security, and several other agencies as part of a federal investigation. As a Viceroy Research report on October 27, 2021 pointed out, Stone states that PAX "is no longer [its] sole provider of POS services, [but the Company is] still substantially dependent on it to manufacture and assemble a substantial amount of [its] POS devices." Moreover, another company replaced its PAX terminals "because it did not receive satisfactory answers from PAX regarding its POS devices connecting to websites not listed in their supplied documentation." On this news, the Company's share price fell $2.64, or 7%, to close at $33.81 per share on October 27, 2021, further damaging investors.

Finally, on November 16, 2021, Stone announced that it would "start retesting our original [credit] product, which is short-term loans, between the fourth quarter of '21 and the first quarter of '22." The Company could not provide specific guidance about when credit volumes would return to levels before Stone had halted origination of credit. On this news, the Company's share price fell $10.96, or 34%, to close at $20.70 per share on November 17, 2021, further damaging investors.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's shares, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.  THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Both of the above-captioned related actions have been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by Defendants arising from the public dissemination of false and misleading information to

investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A.    Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that it is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that…has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $2,097,543 in connection with purchases of Stone securities. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater losses in Stone securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1.    Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading statements about Stone's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2.    Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those

asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in Stone securities and is therefore, extremely motivated to pursue claims in this action.

**D.  Movant Is Presumptively the Most Adequate Plaintiff**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest in this case of any timely lead plaintiff.

The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against it that would render Movant inadequate to represent the Class.

Further, Audrey is a private company incorporated in the British Virgin Islands. Audrey has been engaged in investment activity in public traded companies for more than 10 years, and is the owner of the Stone securities at issue in this case. Mr. Siman, the signatory of Audrey's

certification, is the sole director of Audrey and is authorized to bind Audrey in connection with Audrey's lead plaintiff motion and this case. Mr. Siman resides in Monaco. Mr. Siman will be one of contact persons for Audrey in this litigation. Mr. Siman is an experienced businessman, with bachelor degrees in both Engineering and Law. As such, Mr. Siman does not anticipate any problems overseeing this matter with counsel.

## III.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has been actively researching Movant's and Class Plaintiffs' claims, as well as reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Ex. 4 hereto. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

**CONCLUSION**

For the foregoing reasons, Movant respectfully requests the Court issue an Order; (1) consolidating the related actions; (2) appointing Movant as Lead Plaintiff of the Class; (3) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: January 18, 2022                    Respectfully submitted,

                                           **THE ROSEN LAW FIRM, P.A.**

                                           /s/ Phillip Kim
                                           Phillip Kim, Esq. (PK 9384)
                                           Laurence M. Rosen, Esq. (LR 5733)
                                           275 Madison Avenue, 40th Floor
                                           New York, New York 10016
                                           Telephone: (212) 686-1060
                                           Fax: (212) 202-3827
                                           Email: pkim@rosenlegal.com
                                           Email: lrosen@rosenlegal.com

                                           *[Proposed] Lead Counsel for Lead Plaintiff*
                                           *and Class*

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2022, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim

11