# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RONALD F. RAY, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:21cv09620-AJN-OTW |
| Plaintiff, | |
| v. | |
| STONECO LTD., THIAGO DOS SANTOS PIAU, LIA MACHADO DE MATOS, RAFAEL MARTINS PEREIRA, and MARCELO BASTIANELLO BALDIN, | CLASS ACTION |
| Defendants. | |
| | |
| LANDON DEPUE, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:21cv10468-AJN-OTW |
| Plaintiff, | |
| v. | CLASS ACTION |
| STONECO LTD., THIAGO DOS SANTOS PIAU, LIA MACHADO DE MATOS, RAFAEL MARTINS PEREIRA, and MARCELO BASTIANELLO BALDIN, | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF
## TAN SEH YII'S MOTION FOR CONSOLIDATION OF RELATED CASES, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL

00669965;V1

TAN SEH YII, a/k/a Lance Tan ("Tan"), respectfully submits this memorandum of law in support of his motion for:

(a) consolidation of the above-captions, and any subsequently-filed related, cases;

(b) appointment as Lead Plaintiff, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and

(b) approval of his selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel for the litigation.

## PRELIMINARY STATEMENT

Presently pending in this District are the two above-captioned securities class action lawsuit (the "Actions"), which alleges violations of the Exchange Act against Defendants.  These Actions are brought on behalf of all persons or entities (the "Class") that purchased or otherwise acquired the securities of StoneCo Ltd. ("StoneCo" or the "Company") between March 11, 2021 and November 16, 2021, inclusive (the "Class Period").

Under the PSLRA, class action complaints alleging violations of the Exchange Act trigger statutory requirements for selecting the most adequate plaintiff to lead the action (the "Lead Plaintiff"). The presumptive lead plaintiff is the movant that has both the largest financial interest in the litigation and has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.

As set forth more fully herein, Tan satisfies these requirements and should be appointed as lead plaintiff. Tan lives in Singapore, has a Bachelor of Science in real estate, is currently a private asset manager, and has been in the financial field for over 12 years. Tan lost $476,924 on

his transactions in StoneCo securities.[1] Tan believes that his loss constitutes the largest interest in the litigation and that his substantial financial interest will ensure his vigorous prosecution of the Class' claims. Tan also satisfies Federal Rules 23(a)(3) and (a)(4), as his claims are typical of the claims of the Class, he has no interests that are antagonistic to the Class, and he will fairly and adequately represent the interests of the Class. Additionally, Tan has selected experienced and qualified counsel that can adequately represent the Class here.

Accordingly, for the reasons discussed below, Tan respectfully requests that the Court grant his motion to be appointed as Lead Plaintiff and to approve his selection of Bernstein Liebhard as Lead Counsel.[2]

## SUMMARY OF ALLEGATIONS

StoneCo is a provider of financial technology solutions. StoneCo's services allow merchants and other vendors to conduct electronic commerce across in-store, online, and mobile channels, primarily in Brazil.

According to the complaints, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that: (1) StoneCo was experiencing difficulties in implementing its credit product; (2) StoneCo faced significant risks via its point-of-sale vendor, PAX Global Technology Ltd.; and (3) as a result of the foregoing, the Company's financial results would be adversely impacted.

---

[1] Tan was assigned the claims in these Actions by several of his clients. *See* Hasson Declaration Exhibit B.

[2] Tan is aware that this Court's Individual Practice Rule III(B) requires pre-motion conferences. Such a conference was not possible here because lead plaintiff movants never know what other movants will also be filing motions for lead plaintiff.

00669965;V1                                          2

On August 30, 2021, after the market closed, StoneCo announced its second quarter 2021 financial results in a press release, reporting an 8.1% year-over-year decrease in revenue "mainly due to adjustments in credit fair value and significantly lower credit disbursements." The Company stated that it had "implemented some prudent actions, like temporarily stopping the disbursement of credit and increasing coverage for potential future losses, which impacted [StoneCo's] reported results for the quarter."

As a result of these disclosures, the Company's share price fell $2.96 to close at $46.54 per share on August 31, 2021, on unusually heavy trading volume.

Then, on October 26, 2021, PAX Global Technology Ltd's Florida offices were raided by the U.S. Federal Bureau of Investigation, the Department of Homeland Security, and several other agencies as part of a federal investigation. As a Viceroy Research report on October 27, 2021 pointed out, StoneCo states that PAX "is no longer [its] sole provider of POS services, [but the Company is] still substantially dependent on it to manufacture and assemble a substantial amount of [its] POS devices." In addition, another company replaced its PAX terminals "because it did not receive satisfactory answers from PAX regarding its POS devices connecting to websites not listed in their supplied documentation."

On this news, the Company's share price fell $2.64, or 7%, to close at $33.81 per share on October 27, 2021, further injuring investors.

Finally, on November 16, 2021, StoneCo announced that it would "start retesting our original [credit] product, which is short-term loans, between the fourth quarter of '21 and the first quarter of '22." The Company could not provide specific guidance about when credit volumes would return to levels before StoneCo had halted origination of credit.

On this news, the Company's share price fell $10.96, or 34%, to close at $20.70 per share on November 17, 2021, thereby injuring investors further.

**ARGUMENT**

**I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the Actions alleges substantially similar facts and legal theories. Both allege that Defendants violated the Exchange Act by publicly disseminating false and misleading information to investors. Accordingly, the Actions should be consolidated.

**II.     THE COURT SHOULD APPOINT TAN AS LEAD PLAINTIFF**

**A.      The Procedure Required by the PSLRA**

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Section 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice. 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, the PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by putative class members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). Finally, in considering any motion to serve as Lead Plaintiff, the Court "shall appoint as lead plaintiff" the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person that:

i)     has either filed the complaint or made a motion in response to an Early Notice;

ii)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

iii)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth *infra*, Tan meets the foregoing criteria, and therefore is entitled to the presumption of being the "most adequate plaintiff" for the Class.

00669965;V1                                          5

B.      **Tan is the Most Adequate Plaintiff**

Tan respectfully submits that he is presumptively the "most adequate plaintiff" because he has made a motion in response to an Early Notice, believes that he has the largest financial interest in the relief sought by the Class, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

1.      **Tan's Motion is Timely**

On November 19, 2021, the Early Notice was published.  *See* Hasson Decl. Ex. A. Accordingly, putative class members had until January 18, 2022 to file their lead plaintiff motions. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.").

Tan has timely filed his motion in response to the Early Notice. Additionally, he has filed a sworn certification, pursuant to 15 U.S.C. § 78u-4(a)(2)(A), attesting to his review one of the complaints in the Actions and his willingness to serve as a representative of the Class, including providing testimony at deposition and trial, if necessary. *See* Hasson Decl. Ex. B. Accordingly, Tan satisfies the first requirement to serve as Lead Plaintiff for the Class.

2.      **Tan Believes That He Has the Largest Financial Interest in the Relief Sought by the Class**

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Tan suffered a substantial loss of $476,924 in connection with his transactions in StoneCo securities. *See* Hasson Decl., Ex. C.  Tan is not aware of any other movant that has a

greater financial interest than him in this litigation. Accordingly, Tan believes that he has the largest financial interest in this litigation.

### 3. Tan Meets the Requirements of Fed. R. Civ. P. 23

"At this stage of the litigation, in determining whether a movant is the presumptive lead plaintiff under the PSLRA, only a *prima facie* showing that the requirements of Rule 23 are met is necessary." *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015) (emphasis in original). Tan satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, which are "the only [Rule 23] provisions relevant to a determination of lead plaintiff under the PSLRA." *Id*.

### i. Tan's Claims Are Typical of Those of the Class

A lead plaintiff movant is typical of other proposed class members under Rule 23 if "its claims…arise from purchases made in reliance on the same alleged misstatements and omissions that the complainants and other movants base their claims on, and they also seek the same relief, based on the same legal theories." *Kukkadapu v. Embraer S.A.*, No. 16 Civ. 6277 (RMB), 2016 WL 6820734, at *2 (S.D.N.Y. Oct. 20, 2016). Tan's claims are typical of the Class in that he: (i) suffered the same injuries as a result of the same, or substantially the same, course of conduct by the named defendants; and (ii) bases his claims on the same, or substantially the same, legal theories as the Class. *Id.*

Here, the questions of law and fact common to the members of the Class and which may affect individual Class members include whether:

- Defendants violated the federal securities laws; and

- the members of the Class sustained damages and, if so, what is the proper measure of damages.

These questions apply equally to Tan as to all members of the Class. Since Tan's claims have the same essential characteristics as those of the other Class members, the typicality requirement is satisfied.

### ii. Tan Will Fairly and Adequately Protect the Interests of the Class

The adequacy requirement, in turn, is satisfied where: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the plaintiff has sufficient interest in the outcome of the case to ensure vigorous advocacy." *Khunt v. Alibaba Grp. Holding Ltd*., 102 F. Supp. 3d 523, 536 (S.D.N.Y. 2015).

Tan is an adequate Lead Plaintiff. Tan and the other members of the Class have the same interest: to maximize the recovery from Defendants. Because of Tan's substantial financial stake in the litigation, Class members can be assured that Tan has the incentive to vigorously prosecute the claims.

Tan has further demonstrated his adequacy through his selection of Bernstein Liebhard as Lead Counsel for the proposed Class. As discussed more fully below, Bernstein Liebhard is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to prosecute complex securities class action lawsuits both in this District and nationwide. Further supporting Tan's adequacy is the fact that Tan negotiated down Bernstein Liebhard's fee percentage – which courts have found militates in favor of a finding of adequacy. *See, e.g., In re Cendant Corp. Litig*., 264 F.3d 201, 265 (3d Cir. 2001) (negotiating retainer "one of the best ways for a court to ensure that [lead plaintiff] will fairly and adequately represent the interests of the class").

## III.   THE COURT SHOULD APPROVE TAN'S CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval.  15 U.S.C. § 78u-4(a)(3)(B)(v).

Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class.  *See* Hasson Decl., Ex. D (Firm Résumé of Bernstein Liebhard).  Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel in securities class action lawsuits since the passage of the PSLRA, and has frequently appeared in major actions in numerous courts throughout the country. Some of the firm's most recent Lead Counsel appointments include *Valdes v. Kandi Technologies Group, Inc.*, No. 2:20-cv-06042-LDH-AYS (E.D.N.Y.); *Vitiello et al. v. Bed Bath & Beyond, Inc. et al.*, No. 2:20-cv-04240-MCA-MAH (D.N.J.); and *In re Stellantis N.V. Securities Litigation*, No. 1:19-cv-06770-ERK-VMS (E.D.N.Y.).

*The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country.  In 2016, Bernstein Liebhard was listed for the eleventh consecutive year in *The Legal 500*, a guide to the best commercial law firms in the United States, as well as in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* for four consecutive years.  Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes as Lead Counsel and Co-Lead Counsel include:

- *In re Beacon Associates Litigation*, No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);
- *City of Austin Police Retirement System v. Kinross Gold Corporation*, No. 1:12-cv-01203-VEC (S.D.N.Y. 2016) ($33 million settlement);

- *In re Tower Group International, Ltd. Sec. Litig.*, No. 1:13-cv-05852-AT (S.D.N.Y. 2015) ($20.5 million settlement)

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);

- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million); and

- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action).

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

## CONCLUSION

For the foregoing reasons, Tan respectfully requests that this Court: (1) consolidate the related, and all subsequently-filed related, Actions; (2) appoint him as Lead Plaintiff; and (3) approve his selection of Bernstein Liebhard as Lead Counsel for the litigation.

Dated: January 18, 2022                    Respectfully submitted,

/s/ Laurence J. Hasson
**BERNSTEIN LIEBHARD LLP**
Laurence J. Hasson
Joseph R. Seidman, Jr.
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email:  lhasson@bernlieb.com
        seidman@bernlieb.com

*Counsel for Tan and Proposed Lead Counsel for the Proposed Class*

00669965;V1                                10

## CERTIFICATE OF SERVICE

I, Laurence J. Hasson, hereby certify that on January 18, 2022, a true and correct copy of the annexed **MEMORANDUM OF LAW IN SUPPORT OF TAN SEH YII'S MOTION FOR CONSOLIDATION OF THE RELATED CASES, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL** was served in accordance with the Federal Rules of Civil Procedure with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all parties with an email address of record who have appeared and consented to electronic service in this action.

Dated: January 18, 2022                                    /s/ Laurence J. Hasson
                                                                 Laurence J. Hasson

00669965;V1                                     11