| | |
|---|---|
| RONALD F. RAY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STONECO LTD., THIAGO DOS SANTOS PIAU, LIA MACHADO DE MATOS, RAFAEL MARTINS PEREIRA, and MARCELO BASTIANELLO BALDIN,<br><br>Defendants. | Case No. 1:21-cv-09620-AJN-OTW |
| LANDON DEPUE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STONECO LTD., THIAGO DOS SANTOS PIAU, LIA MACHADO DE MATOS, RAFAEL MARTINS PEREIRA, and MARCELO BASTIANELLO BALDIN,<br><br>Defendants. | Case No. 1:21-cv-10468-AJN |

**MEMORANDUM OF LAW IN SUPPORT OF PAUL FODEN'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, <u>AND APPROVAL OF LEAD COUNSEL</u>**

Paul Foden ("Foden") respectfully submits this memorandum of law in support of his motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* (the "PSLRA") for an Order: (1) consolidating the above-captioned related actions; (2) appointing Foden as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (3) approving Foden's selection of Glancy Prongay & Murray LLP as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I. PRELIMINARY STATEMENT

This is a class action on behalf of persons and entities other than Defendants that purchased or otherwise acquired StoneCo Ltd. ("StoneCo" or the "Company") securities between March 11, 2021 and November 16, 2021, both dates inclusive (the "Class Period").

The PSLRA provides that the Court shall appoint the most adequate plaintiff—*i.e.* the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. The PSLRA also provides a presumption that the movant with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is the "most adequate plaintiff."

Foden believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Foden satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Foden respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

1

Additionally, Foden's selection of Glancy Prongay & Murray LLP as lead counsel for the class should be approved because the firm has substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II. FACTUAL BACKGROUND

StoneCo provides financial technology solutions. StoneCo's services purportedly allow merchants and other vendors to conduct electronic commerce across in-store, online, and mobile channels, primarily in Brazil.

On August 30, 2021, after the market closed, StoneCo announced its second quarter 2021 financial results in a press release, reporting an 8.1% year-over-year decrease in revenue "mainly due to adjustments in credit fair value and significantly lower credit disbursements." The Company stated that it had "implemented some prudent actions, like temporarily stopping the disbursement of credit and increasing coverage for potential future losses, which impacted [StoneCo's] reported results for the quarter." On this news, the Company's share price fell $2.96, to close at $46.54 per share on August 31, 2021.

Then, on October 26, 2021, PAX Global Technology Ltd's Florida offices were raided by the U.S. Federal Bureau of Investigation, the Department of Homeland Security, and several other agencies as part of a federal investigation. As a Viceroy Research report on October 27, 2021 pointed out, StoneCo states that PAX "is no longer [its] sole provider of POS services, [but the Company is] still substantially dependent on it to manufacture and assemble a substantial amount of [its] POS devices." Moreover, another company replaced its PAX terminals "because it did not receive satisfactory answers from PAX regarding its POS devices connecting to websites not listed in their supplied documentation." On this news, the Company's share price fell $2.64, or 7%, to close at $33.81 per share on October 27, 2021, thereby injuring investors further.

Then, on November 16, 2021, StoneCo announced that it would "start retesting our original [credit] product, which is short-term loans, between the fourth quarter of '21 and the first quarter of '22." The Company could not provide specific guidance about when credit volumes would return to levels before StoneCo had halted origination of credit. On this news, the Company's share price fell $10.96, or 34%, to close at $20.70 per share on November 17, 2021, thereby further injuring investors.

The Complaints filed in the above-captioned actions allege that throughout the Class Period the defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies by failing to disclose: (1) that StoneCo was experiencing difficulties in implementing its credit product; (2) that StoneCo faced significant risks via its point-of-sale vendor, PAX Global Technology Ltd.; (3) that, as a result of the foregoing, the Company's financial results would be adversely impacted; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the plaintiffs and class members have suffered significant losses and damages.

## III. PROCEDURAL BACKGROUND

On November 19, 2021, Plaintiff Ronald F. Ray commenced the first-filed securities fraud class action lawsuit against StoneCo and certain of its executive officers, captioned *Ray v. StoneCo Ltd. et al*, Case No. 1:21-cv-09620 (the "*Ray* Action").

On December 7, 2021, Plaintiff Landon Depue filed a substantially similar action, captioned *Depue v. StoneCo Ltd. et al*, Case No. 1:21-cv-10468 (the "*Depue* Action," and together with the *Ray* Action, the "Related Actions").

## IV. ARGUMENT

### A. The Related Actions Should be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper when actions involve common questions of law and fact. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal issues. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Pipefitters Local No. 636 Defined Ben Plan v. Bank of America Corp.*, 275 F.R.D. 187, 192 (S.D.N.Y. 2011) (Consolidation is appropriate "if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation").

### B. Foden Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

4

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Foden satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Foden has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Foden is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Foden respectfully submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1. Foden Filed a Timely Motion

Foden has made a timely motion in response to a PSLRA early notice. On November 19, 2021, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Gregory B. Linkh ("Linkh Decl.") Ex. A. Therefore, Foden had sixty days (*i.e.*, until January 18, 2022) to file a motion to be appointed as lead plaintiff. As a purchaser of StoneCo securities during the Class Period, Foden is a member of the proposed class,

and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Foden attests that he has reviewed the complaint, and is willing to serve as a representative of the class. *See* Linkh Decl., Ex. B. Accordingly, Foden satisfies the first requirement to serve as lead plaintiff for the class.

### 2. Foden Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Foden believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Foden purchased StoneCo securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm. *See* Linkh Decl., Ex. C. To the best of his knowledge, Foden is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Foden believes he has the "largest financial interest in the relief sought by the Class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3. Foden Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d

Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc*. 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 1:08-cv-7281, 2008 WL 4974839, at \*5 (S.D.N.Y. Nov. 24, 2008).

### a) Foden's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at \*4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Foden's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Foden alleges that Defendants' material misstatements and omissions concerning StoneCo's business, operations, and financial prospects violated the federal securities laws. Foden, like all members of the class, purchased StoneCo securities in reliance on Defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Foden's interests and claims are "typical" of the interests and claims of the class.

### b) Foden Is an Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Foden has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C. Foden is not aware of any conflict between his claims and those asserted on behalf of the class. As such, Foden is adequate to represent the class.

### C. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cendant*, 264 F.3d at 274. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Foden has retained Glancy Prongay & Murray LLP as lead counsel to pursue this litigation on his behalf and will retain the firm as the class's lead counsel in the event he is appointed lead plaintiff. Glancy Prongay & Murray LLP possesses extensive experience in securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Linkh Declaration as Exhibit D. Thus, the Court may be assured that, by granting the Motion, the class will receive the highest caliber of legal representation.

## V. CONCLUSION

For the foregoing reasons, Paul Foden respectfully requests that the Court grant his Motion and enter an Order (1) consolidating the Related Actions; (2) appointing Foden as Lead Plaintiff;

(3) approving his selection of Glancy Prongay & Murray LLP as Lead Counsel for the class; and

(4) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: January 18, 2022          **GLANCY PRONGAY & MURRAY LLP**

By:   */s/ Gregory B. Linkh*       
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email: glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movant Paul Foden and Proposed Lead Counsel for the Class*

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On January 18, 2022, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 18, 2022, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh