# Labaton Sucharow

**Michael P. Canty**
Partner
212 907 0863  direct
212 907 0700  main
212 883 7063  fax
mcanty@labaton.com

**New York Office**
140 Broadway
New York, NY 10005

September 27, 2022

**VIA ECF**

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007-1312

RE:    *In re StoneCo Ltd. Securities Litigation*, No. 1:21-cv-09620-GHW-OTW

Dear Judge Woods:

I write on behalf of Lead Plaintiff Indiana Public Retirement System ("INPRS" or "Lead Plaintiff") in the above captioned action (the "Action") in response to Defendants' letter requesting a pre-motion conference (the "Letter," ECF No. 60), concerning Defendants' anticipated motion to dismiss the Amended Class Action Complaint (the "Complaint," cited as "¶_"), ECF No. 55.[1]

Defendants preview that they will challenge falsity and scienter in connection with Plaintiff's claims against Defendant StoneCo Ltd. ("StoneCo" or the "Company") and the Individual Defendants Thiago dos Santos Piau, Lia Machado de Matos, Rafael Martins Pereira, Marcelo Bastianello Baldin, André Street de Aguiar, and Eduardo Cunha Monnerat Solon de Pontes (collectively, "Individual Defendants").[2]  As set forth below, Plaintiff has adequately pled all of the elements of a securities fraud action at this stage.

## I.    Background

Defendant StoneCo is a provider of financial technology ("Fintech") solutions, primarily in Brazil. ¶2. StoneCo began offering a credit product, touting the profitability and the low risk that came along with it, as well as the massive opportunity for the Company and investors alike. ¶¶6-

---

[1] On September 27, 2022, the Court issued an Order setting a pre-motion conference for October 12, 2022, which is after the October 7, 2022 deadline for Defendants' motion to dismiss pursuant to briefing schedule Ordered by the Court.  ECF No. 53.  Lead Plaintiff respectfully requests that the Court confirm that the parties adhere to the Court-Ordered briefing schedule.  *Id.*

[2] Defendants also state that they intend to move to dismiss Lead Plaintiff's claims against the Individual Defendants for control person liability under Section 20(a) of the Securities Exchange Act of 1934 and for lack of personal jurisdiction when the Individual Defendants are served. Despite appearing on behalf of many of the Individual Defendants in the Action, Defendants have informed Lead Plaintiff that they are not authorized to accept service on behalf of any of the Individual Defendants.  Accordingly, Lead Plaintiff has commenced with service of process under the Hague Service Convention and will update the Court when such service is complete.

---

**Labaton Sucharow**

September 27, 2022
Page 2

7. However, Defendants' statements touting the supposed safety and profitability of its credit product were false and misleading when made because, unbeknownst to investors, Defendants had proactively *loosened* its internal credit standards and were in fact being *far riskier* in their loan selection process—issuing loans to borrowers based solely on a couple of days' worth of data, not the six months that investors understood the Company to be relying on. ¶25. Moreover, the Company knew that delinquencies and defaults were increasing because its customers were using competitors' POS devices to process transactions in order to avoid repaying StoneCo. ¶¶9-16.

## II.   The Complaint Alleges Materially False and Misleading Statements and Omissions

Defendants' Letter sets forth anticipated falsity arguments that are solely based on cherry-picked facts and ignore a majority of Lead Plaintiff's primary allegations. *First*, Defendants pluck excerpts of the alleged misstatements out of context and claim that the alleged misstatements are immaterial puffery. Letter at 2. However, "[w]hether a representation is 'mere puffery' depends, in part, on the context in which it is made." *In Petrobras Sec. Litig.*, 116 F. Supp. 3d 368, 381 (S.D.N.Y. 2015). When read in context, Defendants' repeated statements about its supposedly "conservative," "resilient," and "strict" underwriting standards were material to investors who understood the importance of the credit product. *Id.* (statement not puffery when "made repeatedly in an effort to reassure the investing public"). Indeed, the Complaint is replete with facts establishing the fact that investors were reassured by Defendants' repeated statements about the safety and profitability of the credit product. *See, e.g.*, ¶234 (analyst noting "*High expectations for credit…*"); ¶235 (UBS stating that Credit was "*strategically important for Stone*"). Accordingly, the alleged misstatements are not puffery.[3]

*Second*, Defendants argue that the Complaint fails to allege that the alleged misstatements were actually false and misleading. Letter at 2. However, Defendants misconstrue the Complaint's allegations that Defendants' misstatements—including that that the Credit product was "*ruled by low delinquency rates.*" Such statements were false and misleading not because the delinquency rates were actually low or not, but because they touted the safety of the product while simultaneously omitting that the Company had in reality slashed its credit standards. *See* ¶¶111-119, 129-131, 148-150, 170, 179, 186, 212-213, 219-220, 230. Furthermore, Defendant's statements misrepresented the prevalence of StoneCo's customers using competitor POS devices to avoid paying back the credit loans—a key fact Defendants' Letter glaringly ignores. *See e.g.,* ¶¶-98, 100-103, 111, 114, 120-122, 148-149, 152, 155, 230, 236. Courts have routinely held that such statements are actionable. *In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223, 240 (2d Cir. 2016)

---

[3] With respect to Defendants' argument that statements are forward looking or opinions, Defendants do not point to any specific examples, nor could they because the alleged statements do not qualify as forward looking or opinions on their face.

# Labaton Sucharow

September 27, 2022
Page 3

("so-called half-truths . . . will support claims for securities fraud."); *In re Ambac Fin. Grp., Inc. Sec. Litig.*, 693 F. Supp. 2d 241, 277 (S.D.N.Y. 2010) ("fail[ure] to disclose its lowered underwriting requirements meets the standard for pleading a material omission"). Thus, Defendants' statements were false when made.

## III. Plaintiff Has Adequately Pled Scienter

Defendants' attempts to pick apart each individualized inference of scienter will fare no better. Letter at 3. By doing so, Defendants ignore the Supreme Court's instruction that courts must consider "whether all of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that standard." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007).

In challenging actual knowledge, Defendants ignore the Complaint's well-pled allegations regarding Defendants' attendance at meetings and receipt of reports. Letter at 3. Contrary to Defendants' contention, the Complaint contains particularized allegations that the Individual Defendants attended quarterly, monthly, weekly, and at times daily meetings where problems the Credit product was discussed. *See e.g.,* ¶¶91, 102, 107, 238, 257. *See Freudenberg v. E\*Trade Fin. Corp.*, 712 F. Supp. 2d 171, 198 (S.D.N.Y. 2010) ("[M]eetings, where the problems at issue were directly discussed with Defendants, evidence scienter."). In addition to attending meetings, Defendants had access to an operational reporting program that tracked delinquencies known as *Marco Polo. See e.g.,* ¶¶88, 102-106, 236-238. *See also Cornwell v. Credit Suisse Grp.*, 689 F. Supp. 2d 629, 637 (S.D.N.Y. 2010) (scienter adequately pled where reports alleged "should have alerted them to the problems they later allegedly misrepresented."). Likewise, the "core operations" doctrine is enough to establish and show a strong inference of scienter. *Okla. Firefighters Pension & Ret. Sys. v. Lexmark,* 367 F. Supp. 3d 16, 37 (S.D.N.Y. 2019) (scienter is "buttressed" by the inference "that a company and its senior executives have knowledge of information concerning the core operations of a business, such as events affecting a significant source of revenue"). Finally, contrary to Defendants' argument (Letter at n.3), Defendants' statements themselves can support an inference of scienter in instances such as here, as Defendants made detailed statements about specific metrics. *See, e.g.,* ¶¶76, 151-152, 240.

For the reasons stated above, Defendants' motion to dismiss arguments will fail.

Respectfully submitted,

*/s/ Michael P. Canty*

Michael P. Canty

cc: All counsel of record via ECF