**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE STONECO LTD. SECURITIES LITIGATION | No. 1:21-cv-09620(GHW)(OTW) |

**ANSWER TO AMENDED CLASS ACTION COMPLAINT FOR**
**VIOLATION OF THE FEDERAL SECURITIES LAWS**

Defendant StoneCo Ltd. ("StoneCo," "Stone," or the "Company"), by its undersigned attorneys, hereby answers the Amended Class Action Complaint for Violations of the Federal Securities Laws (ECF No. 55, the "Complaint") brough by Lead Plaintiff Indiana Public Retirement System ("Plaintiff"), dated August 8, 2022.

**GENERAL DENIAL**

The Court's Order dated September 25, 2024 (ECF No. 76, the "MTD Order") granted in part and denied in part StoneCo's Motion to Dismiss the Complaint, dismissing Plaintiff's Section 10(b) claims against StoneCo as to several categories of statements. No response is necessary to the allegations in the Complaint that have been dismissed.

The parties also entered into a stipulation voluntarily dismissing Thiago dos Santos Piau, Lia Machado de Matos, Rafael Martins Pereira, Marcelo Bastianello Baldin, André Street de Aguiar, and Eduardo Cunha Monnerat Solon de Pontes (the "Individual Defendants") from the action (ECF No. 84), which was so-ordered by the Court on November 21, 2024 (ECF No. 85). No response is necessary to the allegations in the Complaint regarding the claims against the dismissed Individual Defendants.

To the extent that paragraphs in the Complaint are grouped under headings and subheadings (which are also listed in the Complaint's Table of Contents), StoneCo responds generally that the headings and subheadings do not constitute factual averments requiring a response. To the extent that a response is deemed necessary, StoneCo denies each and every heading and subheading in the Complaint.

Except as explicitly admitted herein, StoneCo denies each and every allegation of the Complaint, including, without limitation, any allegation in the unnumbered paragraphs, headings, subheadings, footnotes, or the prayer for relief.

StoneCo further answers the numbered paragraphs of the Complaint as follows.

1

## SPECIFIC RESPONSES TO THE PARAGRAPHS IN THE COMPLAINT

1.      StoneCo denies the allegations of Paragraph 1, except admits that Plaintiff purports to bring claims pursuant to the statutes and rules cited in the Complaint.

2.      StoneCo denies that the allegations of Paragraph 2 provide a complete and/or accurate description of the aspects of StoneCo's business and operations purportedly described.

3.      StoneCo denies that the allegations of Paragraph 3 provide a complete and/or accurate description of the aspects of StoneCo's business and operations purportedly described.

4.      StoneCo denies that the allegations of Paragraph 4 provide a complete and/or accurate description of the aspects of StoneCo's business and revenue purportedly described, except admits that in 2019, StoneCo worked with a partner who began offering lines of credit to its customers through a test product.

5.      StoneCo denies that the allegations of Paragraph 5 provide a complete and/or accurate description of the credit product.  To the extent Paragraph 5 refers to StoneCo's marketing material, StoneCo refers to those materials for their content.

6.      StoneCo denies that the allegations of Paragraph 6 provide a complete and/or accurate description of the matters purportedly described, except admits that StoneCo issued press releases on May 13, 2019 and November 21, 2019 and refers to those releases for their contents. StoneCo further refers to the public record for the exchange rate during the Class Period.

7.      StoneCo denies the allegations of Paragraph 7, except admits, based on publicly available information, that S&P Global published an article on December 7, 2020 and refers to that article for its contents.  StoneCo further admits, based on publicly available information, analysts covered StoneCo and refers to those analyst reports for their contents.

8. StoneCo denies the allegations of Paragraph 8, except admits that, based on publicly available information, analysts covered StoneCo and refers to those analyst reports for their contents.

9. To the extent the allegations of Paragraph 9 were dismissed by the MTD Order, they require no response. To the extent a response is required, StoneCo denies the allegations, except admits that, based on publicly available information, StoneCo filed a Form 6-K with the SEC on March 2, 2020 and held an earnings call on March 2, 2020 and refers to that filing and the transcript of that call for their contents.

10. StoneCo denies the allegations of Paragraph 10.

11. StoneCo denies that the allegations of Paragraph 11 provide a complete and/or accurate description of the matters purportedly described, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW10."

12. StoneCo denies that the allegations of Paragraph 12 provide a complete and/or accurate description of the matters purportedly described, except admits that a Pole Leader is a supervisor of a Hub at StoneCo, which is what StoneCo calls a local distribution, sales and customer service center. StoneCo further states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW7."

13. StoneCo denies that the allegations of Paragraph 13 provide a complete and/or accurate description of the matters purportedly described, except admits that StoneCo previously partnered with Money Plus in connection with the initial test for the credit product. StoneCo

further states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 3" and "CW 9."

14.    StoneCo denies that the allegations of Paragraph 14 provide a complete and/or accurate description of the matters purportedly described, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 3."

15.    StoneCo denies that the allegations of Paragraph 15 provide a complete and/or accurate description of the matters purportedly described, except admits that there were generally calls on Fridays during the Class Period but denies the allegations of Paragraph 15 accurately describe the nature of those calls.  StoneCo further states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 3."

16.    StoneCo denies that the allegations of Paragraph 16 provide a complete and/or accurate description of the matters purportedly described, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to the unidentified "former StoneCo employees."

17.    StoneCo denies that the allegations of Paragraph 17 provide a complete and/or accurate description of the matters purportedly described, except refers to the disclosure purportedly quoted in footnote 6 for its contents.  StoneCo further states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW7" "CW9" or 'CW10."

18.    StoneCo admits that during the Class Period, StoneCo had software called Marco Polo, but denies the remainder of the allegations in Paragraph 18.  In particular, StoneCo denies

4

the allegations regarding the information available on Marco Polo and the allegations regarding who had access to the software.

19.    StoneCo denies that the allegations of Paragraph 19 provide a complete and/or accurate description of the matters purportedly described, except admits that during the Class Period, StoneCo had software called Marco Polo.  StoneCo further states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW1."

20.    StoneCo denies that the allegations of Paragraph 20 provide a complete and/or accurate description of the matters purportedly described, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW6."

21.    StoneCo denies the allegations of Paragraph 21.  StoneCo further states that to the extent Paragraph 21 asserts legal conclusions, no response is required.

22.    To the extent the allegations of Paragraph 22 were dismissed by the MTD Order, they require no response.  To the extent a response is required, StoneCo denies the allegations of Paragraph 22, except admits that StoneCo issued a press release on May 26, 2020 and refers to that release for its contents.

23.    To the extent the allegations of Paragraph 23 were dismissed by the MTD Order, they require no response.  To the extent a response is required, StoneCo denies the allegations of Paragraph 23, except admits that StoneCo held an earnings call on October 29, 2020 and refers to the transcript of that call for its contents.

24.    To the extent the allegations of Paragraph 24 were dismissed by the MTD Order, they require no response.  To the extent a response is required, StoneCo denies the allegations of

Paragraph 24, except admits that StoneCo issued a press release and held an earnings call on March 11, 2021 and refers to that release and the transcript of that call for their contents.

25. To the extent the allegations of Paragraph 25 were dismissed by the MTD Order, they require no response. To the extent a response is required, StoneCo denies the allegations of Paragraph 25.

26. StoneCo denies that the allegations of Paragraph 26 provide a complete and/or accurate description of the registry system purportedly described therein, except refers to the registry rules purportedly described for their contents. StoneCo further states that to the extent Paragraph 26 asserts legal conclusions, no response is required.

27. StoneCo denies that the allegations of Paragraph 27 provide a complete and/or accurate description of the matters purportedly described therein, except refers to the registry rules purportedly described for their contents. StoneCo further states that to the extent Paragraph 27 asserts legal conclusions, no response is required.

28. StoneCo denies that the allegations of Paragraph 28 provide a complete and/or accurate description of the matters purportedly described therein, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to the unidentified "CWs."

29. StoneCo denies the allegations of Paragraph 29, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to the unidentified "confidential witnesses," "CW 5," and "CW 8."

30. StoneCo denies that the allegations of Paragraph 30 provide a complete and/or accurate description of the matters purportedly described therein.

31.     StoneCo denies the allegations of Paragraph 31, except admits that, based on publicly available information, StoneCo published a Teach-In Paper on August 25, 2021 and refers to that document for its contents.

32.     StoneCo denies the allegations of Paragraph 32, except refers to the public record for the per-share price of StoneCo's securities.  StoneCo further states that to the extent Paragraph 32 asserts legal conclusions, no response is required.

33.     StoneCo denies the allegations of Paragraph 33, except admits that, based on publicly available information, StoneCo published a Teach-In Paper on August 25, 2021 and refers to that document for its contents.

34.     StoneCo denies the allegations of Paragraph 34.

35.     StoneCo denies the allegations of Paragraph 35, except admits that, based on publicly available information, StoneCo issued a press release on August 30, 2021 and refers to that release for its contents.

36.     StoneCo denies the allegations of Paragraph 36, except admits that, based on publicly available information, analysts covered StoneCo and refers to those analyst reports for their contents.

37.     StoneCo denies the allegations of Paragraph 37, except refers to the public record for the per-share price of StoneCo's securities.  StoneCo further states that to the extent Paragraph 37 asserts legal conclusions, no response is required.

38.     StoneCo denies the allegations of Paragraph 38.

39.     StoneCo denies the allegations of Paragraph 39, except admits that, based on publicly available information, StoneCo issued a press release on November 16, 2021 and refers to that release for its contents.

40.    StoneCo denies that the allegations of Paragraph 40 provide a complete and/or accurate description of the matters purportedly described, except admits that, based on publicly available information, StoneCo held an earnings call on November 16, 2021 and refers to the transcript of that call for its contents.

41.    StoneCo denies the allegations of Paragraph 41, except refers to the public record for the per-share price of StoneCo's securities.  StoneCo further states that to the extent Paragraph 41 asserts legal conclusions, no response is required.

42.    StoneCo denies the allegations of Paragraph 42, except admits that, based on publicly available information, analysts covered StoneCo and refers to those analyst reports for their contents.

43.    StoneCo admits that as of August 8, 2022, StoneCo had not re-introduced its credit product.

44.    StoneCo denies the allegations of Paragraph 44, except admits that Plaintiff purports to bring this action pursuant to the statutes and rules cited therein.  StoneCo further states that to the extent Paragraph 44 asserts legal conclusions, no response is required.

45.    StoneCo denies the allegations of Paragraph 45, except admits, based on publicly available information, that StoneCo common stock was listed and traded on the NASDAQ during the purported Class Period.  StoneCo further states that to the extent Paragraph 45 asserts legal conclusions, no response is required.

46.    StoneCo states that the allegations of Paragraph 46 purport to state conclusions of law and do not require a response.  To the extent a response is required, StoneCo denies the allegations of Paragraph 46.

47.    StoneCo denies the allegation that Plaintiff "purchased StoneCo securities during the Class Period at artificially inflated prices, and suffered damages as a result of the federal securities law violations and false and/or misleading statements and/or material omissions alleged herein" and lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 47, except refer to the certification filed as ECF No. 55-1 for its contents.

48.    StoneCo admits the allegations of Paragraph 48, except refers to the Form 20-F referenced for its contents.

49.    StoneCo denies the allegations of Paragraph 49, except admits that Thiago dos Santos Piau was the Chief Executive Officer of StoneCo during the purported Class Period and refers to the Form 6-Ks and 20-Fs and transcripts of the earnings calls purportedly referenced for their contents.

50.    StoneCo denies the allegations of Paragraph 50, except admits that Lia Machado de Matos was the Chief Strategy Officer of StoneCo during the purported Class Period and refers to the transcripts of the earnings calls purportedly referenced for their contents.

51.    StoneCo denies the allegations of Paragraph 51, except admits that Rafael Martins Pereira was the Vice President of Finance and Investor Relations Officer during the purported Class Period and refers to the press releases and transcripts of the earnings calls purportedly referenced for their contents.

52.    StoneCo denies the allegations of Paragraph 52, and refers to the Form 20-Fs and transcripts of the earnings calls purportedly referenced for their contents.

53.    StoneCo denies the allegations of Paragraph 53, except admits that André Street de Aguiar was Chairman of the Board of Directors of StoneCo during the purported Class Period.

9

54.    StoneCo denies the allegations of Paragraph 54, except admits that Eduardo Cunha Monnerat Solon de Pontes is the co-founder of StoneCo and was Vice Chairman of the Board of Directors of StoneCo during the purported Class Period.

55.    StoneCo denies that the allegations of Paragraph 55 provide a complete and/or accurate description of the matters purportedly described and further states that to the extent Paragraph 55 asserts legal conclusions, no response is required.

56.    StoneCo denies that the allegations of Paragraph 56 provide a complete and/or accurate description of the matters purportedly described, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 1."

57.    StoneCo lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding "CW 2."

58.    StoneCo denies that the allegations of Paragraph 58 provide a complete and/or accurate description of the matters purportedly described, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 3."

59.    StoneCo denies that the allegations of Paragraph 59 provide a complete and/or accurate description of the matters purportedly described, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 4."

60.    StoneCo denies that the allegations of Paragraph 60 provide a complete and/or accurate description of the matters purportedly described, except lacks knowledge or information

10

sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 5."

61.     StoneCo denies that the allegations of Paragraph 61 provide a complete and/or accurate description of the matters purportedly described, except admits that StoneCo sometimes broke down losses into the three types identified above, though such losses and breakdown were unrelated to credit.   StoneCo denies the description of George Pozzobon's responsibilities. StoneCo further states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 6."

62.     StoneCo denies that the allegations of Paragraph 62 provide a complete and/or accurate description of the matters purportedly described, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 7."

63.     StoneCo denies that the allegations of Paragraph 63 provide a complete and/or accurate description of the matters purportedly described, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 8."

64.     StoneCo denies that the allegations of Paragraph 64 provide a complete and/or accurate description of the matters purportedly described, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 9."

65.     StoneCo lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding "CW 10."

11

66.     StoneCo denies that the allegations of Paragraph 66 provide a complete and/or accurate description of the aspects of StoneCo's business and operations purportedly described.

67.     StoneCo denies that the allegations of Paragraph 67 provide a complete and/or accurate description of the aspects of StoneCo's business and operations purportedly described.

68.     StoneCo denies that the allegations of Paragraph 68 provide a complete and/or accurate description of the aspects of StoneCo's business and revenue purportedly described, except admits that in 2019, StoneCo worked with a partner who began offering lines of credit to its customers through a test product.

69.     StoneCo denies that the allegations of Paragraph 69 provide a complete and/or accurate description of the credit product.  To the extent Paragraph 69 refers to StoneCo's marketing material, StoneCo refers to those materials for their content.

70.     StoneCo denies that the allegations of Paragraph 70 provide a complete and/or accurate description of the credit product, except admits that customers to which StoneCo had extended loans paid fees on transactions.  StoneCo further states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 9" and "CW 10".

71.     StoneCo denies that the allegations of Paragraph 71 provide a complete and/or accurate description of the matters purportedly described, except admits, based on publicly available information, that StoneCo issued press releases on May 13, 2019 and November 21, 2019 and refers to those releases for their contents.

72.     StoneCo denies that the allegations of Paragraph 72 provide a complete and/or accurate description of the matters purportedly described, except admits, based on publicly

12

available information, that StoneCo filed a Form 20-F on April 29, 2020 and refers to that filing for its contents.

73.     StoneCo denies the allegations of Paragraph 73, except admits, based on publicly available information, that S&P Global published an article on December 7, 2020 and refers to that article for its contents.

74.     StoneCo denies that the allegations of Paragraph 74 provide a complete and/or accurate description of the matters purportedly described, except admits, based on publicly available information, analysts covered StoneCo and refers to those analyst reports for their contents.

75.     StoneCo denies the allegations of Paragraph 75, except admits that, based on publicly available information, StoneCo issued a press release on March 2, 2020 and refers to that release for its contents.

76.     To the extent the allegations of Paragraph 76 were dismissed by the MTD Order, they require no response.  To the extent a response is required, StoneCo denies the allegations, except admits that, based on publicly available information, StoneCo filed a Form 6-K with the SEC on March 2, 2020 and held an earnings call on March 2, 2020 and refers to that filing and the transcript of that call for their contents.

77.     To the extent the allegations of Paragraph 77 were dismissed by the MTD Order, they require no response.  To the extent a response is required, StoneCo denies the allegations, except admits that, based on publicly available information, StoneCo held an earnings call on March 2, 2020 and refers the transcript of that call for its contents.

78.     StoneCo denies the allegations of Paragraph 78, and further state that to the extent Paragraph 78 asserts legal conclusions, no response is required.  StoneCo further states that it lacks

knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to unidentified "former StoneCo employees."

79. StoneCo denies the allegations of Paragraph 79, except admits that, based on publicly available information, analysts covered StoneCo and refers to those analyst reports for their contents.

80. StoneCo denies the allegations of Paragraph 80, except admits that, based on publicly available information, analysts covered StoneCo and refers to those analyst reports for their contents.

81. StoneCo denies the allegations of Paragraph 81, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to unidentified "former StoneCo employees."

82. StoneCo denies that the allegations of Paragraph 82 provide a complete and/or accurate description of the matters purportedly described, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 10."

83. StoneCo denies that the allegations of Paragraph 83 provide a complete and/or accurate description of the matters purportedly described, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 3."

84. StoneCo denies that the allegations of Paragraph 84 provide a complete and/or accurate description of the matters purportedly described, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 3."

14

85.    StoneCo denies that the allegations of Paragraph 85 provide a complete and/or accurate description of the matters purportedly described, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 7."

86.    StoneCo denies that the allegations of Paragraph 86 provide a complete and/or accurate description of the matters purportedly described, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 7."

87.    StoneCo denies that the allegations of Paragraph 87 provide a complete and/or accurate description of the matters purportedly described, except admits that StoneCo previously partnered with Money Plus in connection with the credit product.   StoneCo further states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 9."

88.    StoneCo denies that the allegations of Paragraph 88 provide a complete and/or accurate description of the matters purportedly described, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 2."

89.    StoneCo denies that the allegations of Paragraph 89 provide a complete and/or accurate description of the matters purportedly described, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 3."

90.    StoneCo denies that the allegations of Paragraph 90 provide a complete and/or accurate description of the matters purportedly described, except lacks knowledge or information

sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 3."

91. StoneCo denies that the allegations of Paragraph 91 provide a complete and/or accurate description of the matters purportedly described, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 3."

92. StoneCo denies that the allegations of Paragraph 92 provide a complete and/or accurate description of the matters purportedly described, except admits that there were generally calls on Fridays during the Class Period but denies the allegations of Paragraph 92 accurately describe the nature of those calls. StoneCo further states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 3."

93. StoneCo denies that the allegations of Paragraph 93 provide a complete and/or accurate description of the matters purportedly described.

94. StoneCo denies that the allegations of Paragraph 94 provide a complete and/or accurate description of the matters purportedly described, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 10."

95. StoneCo denies that the allegations of Paragraph 95 provide a complete and/or accurate description of the matters purportedly described, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 7."

96.     StoneCo denies that the allegations of Paragraph 96 provide a complete and/or accurate description of the matters purportedly described, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 8."

97.     StoneCo denies that the allegations of Paragraph 97 provide a complete and/or accurate description of the matters purportedly described, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 10."

98.     StoneCo denies that the allegations of Paragraph 98 provide a complete and/or accurate description of the matters purportedly described, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 10."   StoneCo further states that to the extent Paragraph 98 or footnote 14 assert legal conclusions, no response is required.

99.     StoneCo denies that the allegations of Paragraph 99 provide a complete and/or accurate description of the matters purportedly described, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 2."

100.    StoneCo denies that the allegations of Paragraph 100 provide a complete and/or accurate description of the matters purportedly described, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to unidentified "former employees" or "CW 1" or "CW 5" or "CW 9."

101.    StoneCo denies that the allegations of Paragraph 101 provide a complete and/or accurate description of the matters purportedly described, except lacks knowledge or information

sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 9."

102.    StoneCo denies the allegations of Paragraph 102.

103.    StoneCo denies that the allegations of Paragraph 103 provide a complete and/or accurate description of the matters purportedly described, except admits that during the Class Period, StoneCo had software called Marco Polo.  StoneCo further states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 1."

104.    StoneCo denies that the allegations of Paragraph 104 provide a complete and/or accurate description of the matters purportedly described.  StoneCo further states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 10."

105.    StoneCo denies that the allegations of Paragraph 105 provide a complete and/or accurate description of the matters purportedly described, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 1."

106.    StoneCo denies that the allegations of Paragraph 106 provide a complete and/or accurate description of the matters purportedly described, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 10."

107.    StoneCo denies that the allegations of Paragraph 107 provide a complete and/or accurate description of the matters purportedly described, except admits that StoneCo sometimes broke down losses into the three types identified above, though such losses and breakdown were

unrelated to credit.  StoneCo further states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 6."

108.   StoneCo denies that the allegations of Paragraph 108 provide a complete and/or accurate description of the matters purportedly described, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 3."

109.   StoneCo denies that the allegations of Paragraph 109 provide a complete and/or accurate description of the matters purportedly described.  StoneCo further states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 4."

110.   StoneCo denies the allegations of Paragraph 110.

111.   StoneCo denies the allegations of Paragraph 111.  StoneCo further states that to the extent Paragraph 111 asserts legal conclusions, no response is required.

112.   To the extent the allegations of Paragraph 112 were dismissed by the MTD Order, they require no response.  To the extent a response is required, StoneCo denies the allegations, except admits that, based on publicly available information, StoneCo issued a press release on May 26, 2020 and refers to that release for its contents.

113.   To the extent the allegations of Paragraph 114 were dismissed by the MTD Order, they require no response.  To the extent a response is required, StoneCo denies the allegations, except admits that, based on publicly available information, StoneCo issued a press release on May 26, 2020 and refers to that release for its contents.

19

114.    To the extent the allegations of Paragraph 114 were dismissed by the MTD Order, they require no response.  To the extent a response is required, StoneCo denies the allegations of Paragraph 114.  StoneCo further states that to the extent Paragraph 114 asserts legal conclusions, no response is required. To the extent the allegations of Paragraph 114 purport to quote from documents, StoneCo refers to those documents for their contents.

115.    To the extent the allegations of Paragraph 116 were dismissed by the MTD Order, they require no response.  To the extent a response is required, StoneCo denies the allegations, except admits that, based on publicly available information, StoneCo issued a press release on March 11, 2021 and refers to that release for its contents.

117.    StoneCo denies the allegations of Paragraph 117, except admits that, based on publicly available information, StoneCo held an earnings call on March 11, 2021 and refers to the transcript of that call for its contents.

118.    To the extent the allegations of Paragraph 118 were dismissed by the MTD Order, they require no response.  To the extent a response is required, StoneCo denies the allegations, except admits that, based on publicly available information, StoneCo issued a press release on June 1, 2021 and refers to that release for its contents.

119.    StoneCo denies the allegations of Paragraph 119, except admits that, based on publicly available information, StoneCo held an earnings call on June 1, 2021 and refers to the transcript of that call for its contents.  StoneCo further states that to the extent Paragraph 119 asserts legal conclusions, no response is required.

120.    StoneCo denies that the allegations of Paragraph 120 provide a complete and/or accurate description of the matters purportedly described, except refers to the resolution and circular cited in footnote 16 for their contents and admit that the new registry system introduced

modifications related to the registration of receivables of credit and debit payment instruments. StoneCo further states that to the extent Paragraph 120 asserts legal conclusions, no response is required.

121.    StoneCo denies that the allegations of Paragraph 121 provide a complete and/or accurate description of the matters purportedly described, except refers to the registry rules purportedly described for their contents.  StoneCo further states that to the extent Paragraph 121 asserts legal conclusions, no response is required.

122.    StoneCo denies that the allegations of Paragraph 122 provide a complete and/or accurate description of the matters purportedly described, except refers to the registry rules purportedly described for their contents.  StoneCo further states that to the extent Paragraph 122 asserts legal conclusions, no response is required.  StoneCo further states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 3."

123.    StoneCo denies that the allegations of Paragraph 123 provide a complete and/or accurate description of the matters purportedly described, except admits, based on publicly available information, that StoneCo released a press release and Teach-In Paper on August 25, 2021 and held an earnings call on October 25, 2020 and refers to those documents and the transcript of that call for their contents.  StoneCo further refers to the registry rules purportedly described for their contents and states that to the extent Paragraph 123 asserts legal conclusions, no response is required.

124.    StoneCo denies that the allegations of Paragraph 124 provide a complete and/or accurate description of the matters purportedly described, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported

statements attributed to unidentified "confidential witnesses." StoneCo further states that to the extent allegations of Paragraph 124 purport to refer to documents or other disclosures, Defendants refer to those disclosures for their contents.

125. StoneCo denies that the allegations of Paragraph 125 provide a complete and/or accurate description of the matters purportedly described, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to unidentified "confidential witnesses," "CW 5," and "CW 8."

126. StoneCo denies that the allegations of Paragraph 125 provide a complete and/or accurate description of the matters purportedly described, except admits that StoneCo temporarily stopped disbursing credit in June 2021. StoneCo further states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 2" or "CW 9."

127. StoneCo denies that the allegations of Paragraph 127 provide a complete and/or accurate description of the matters purportedly described, except admits, based on publicly available information, that StoneCo released Teach-In Paper on August 25, 2021 and a press release on August 30, 2021 and refers to that paper and that release for their contents.

128. StoneCo denies the allegations of Paragraph 128, except refers to the public record for the per-share price of StoneCo's securities. StoneCo further states that to the extent Paragraph 128 asserts legal conclusions, no response is required.

129. StoneCo denies that the allegations of Paragraph 129 provide a complete and/or accurate description of the matters purportedly described, except admits, based on publicly available information, that StoneCo released Teach-In Paper on August 25, 2021 and refers to that

22

paper for its contents.    StoneCo further states that to the extent Paragraph 129 asserts legal conclusions, no response is required.

130.    StoneCo denies the allegations of Paragraph 130 and further states that to the extent Paragraph 130 asserts legal conclusions, no response is required.

131.    StoneCo denies the allegations of Paragraph 131, except admits that, based on publicly available information, Seeking Alpha published an article on August 25, 2021 entitled "StoneCo stock drops 4% after regulatory change results in higher delinquencies" and refers to that article for its contents.

132.    StoneCo denies the allegations of Paragraph 132, except admits that, based on publicly available information, StoneCo filed a Form 6-K with the SEC on August 30, 2021 and refers to that filing for its contents.

133.    StoneCo denies the allegations of Paragraph 133, except refers to the public record for the per-share price of StoneCo's securities.  StoneCo further states that to the extent Paragraph 134 asserts legal conclusions, no response is required.

134.    StoneCo denies that the allegations of Paragraph 134 provide a complete and/or accurate description of the matters purportedly described, except admits, based on publicly available information, that StoneCo held an earnings call on August 30, 2021 and refers to the transcript of that call for their contents.

135.    StoneCo denies that the allegations of Paragraph 135 provide a complete and/or accurate description of the matters purportedly described, except admits, based on publicly available information, that StoneCo issued a press release on August 30, 2021 and refers to that release for its contents.

136.    StoneCo denies that the allegations of Paragraph 136 provide a complete and/or accurate description of the matters purportedly described, except admits that, based on publicly available information, analysts covered StoneCo and refers to those analyst reports for their contents.

137.    StoneCo denies that the allegations of Paragraph 137 provide a complete and/or accurate description of the matters purportedly described, except admits that, based on publicly available information, analysts covered StoneCo and refers to those analyst reports for their contents.

138.    StoneCo denies the allegations of Paragraph 138, except admits that, based on publicly available information, StoneCo filed a Form 6-K with the SEC on November 16, 2021 and refers to that filing for its contents.

139.    StoneCo denies that the allegations of Paragraph 139 provide a complete and/or accurate description of the matters purportedly described, except admits, based on publicly available information, that StoneCo held an earnings call on November 16, 2021 and refers to the transcript of that call for their contents.

140.    StoneCo denies the allegations of Paragraph 140, except refers to the public record for the per-share price of StoneCo's securities.  StoneCo further states that to the extent Paragraph 140 asserts legal conclusions, no response is required.

141.    StoneCo denies that the allegations of Paragraph 141 provide a complete and/or accurate description of the matters purportedly described, except admits that, based on publicly available information, analysts covered StoneCo and refers to those analyst reports for their contents.

142.    StoneCo denies that the allegations of Paragraph 142 provide a complete and/or accurate description of the matters purportedly described, except admits that, based on publicly available information, analysts covered StoneCo and refers to those analyst reports for their contents.

143.    StoneCo denies that the allegations of Paragraph 143 provide a complete and/or accurate description of the matters purportedly described, except admits that, based on publicly available information, analysts covered StoneCo and refers to those analyst reports for their contents.

144.    StoneCo denies that the allegations of Paragraph 144 provide a complete and/or accurate description of the matters purportedly described, except admits that, based on publicly available information, analysts covered StoneCo and refers to those analyst reports for their contents.

145.    StoneCo denies that the allegations of Paragraph 145 provide a complete and/or accurate description of the matters purportedly described, except admits, based on publicly available information, that StoneCo issued a press release on March 17, 2022 and refers to that release for its contents.

146.    StoneCo denies that the allegations of Paragraph 146 provide a complete and/or accurate description of the matters purportedly described, except admits, based on publicly available information, that StoneCo issued a press release on June 2, 2022 and refers to that release for its contents.

147.    StoneCo denies the allegations of Paragraph 147, except admits that Lead Plaintiff purports to allege the statements in bold and italics within this section were misleading.  StoneCo further states that to the extent Paragraph 147 asserts legal conclusions, no response is required.

148. StoneCo denies the allegations of Paragraph 148 and further states that to the extent Paragraph 148 asserts legal conclusions, no response is required.

149. StoneCo denies the allegations of Paragraph 149 and further states that to the extent Paragraph 149 asserts legal conclusions, no response is required.

150. StoneCo denies the allegations of Paragraph 150 and further states that to the extent Paragraph 150 asserts legal conclusions, no response is required.

151. To the extent the allegations of Paragraph 151 were dismissed by the MTD Order, they require no response. To the extent a response is required, StoneCo denies the allegations, except admits that, based on publicly available information, StoneCo filed a Form 6-K with the SEC on March 2, 2020 and refers to that filing for its contents.

152. To the extent that the allegations of Paragraph 152 were dismissed by the MTD Order, they require no response. To the extent that a response is required, StoneCo denies the allegations of Paragraph 152 and further states that to the extent Paragraph 152 asserts legal conclusions, no response is required.

153. StoneCo denies that the allegations of Paragraph 153 provide a complete and/or accurate description of the matters purportedly described, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 7" and "CW 10."

154. StoneCo denies that the allegations of Paragraph 154 provide a complete and/or accurate description of the matters purportedly described, except admits that StoneCo previously partnered with Money Plus in connection with the credit test product. StoneCo further states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 3" and "CW 9."

155.    StoneCo denies that the allegations of Paragraph 155 provide a complete and/or accurate description of the matters purportedly described, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 7," "CW 9," and "CW 10."  StoneCo further states that to the extent Paragraph 155 asserts legal conclusions, no response is required.

156.    To the extent that the allegations of Paragraph 156 were dismissed by the MTD Order, they require no response.  To the extent that a response is required, StoneCo denies the allegations, except admits, based on publicly available information, that StoneCo hosted an earnings call on March 2, 2020 and refers to the transcript of that call for its contents.

157.    To the extent that the allegations of Paragraph 157 were dismissed by the MTD Order, they require no response.  To the extent that a response is required, StoneCo denies the allegations, except admits, based on publicly available information, that StoneCo hosted an earnings call on March 2, 2020 and refers to the transcript of that call for its contents.

158.    StoneCo denies the allegations of Paragraph 158 and further states that to the extent Paragraph 158 asserts legal conclusions, no response is required.  StoneCo further repeats and incorporates by reference each of its responses to Paragraphs 152-55 as if fully set forth herein.

159.    To the extent that the allegations of Paragraph 159 were dismissed by the MTD Order, they require no response.  To the extent that a response is required, StoneCo denies the allegations, except admits, based on publicly available information, that StoneCo filed a Form 20-F with the SEC on April 29, 2020 and refers to that filing for its contents.

160.    StoneCo denies the allegations of Paragraph 160 and further states that to the extent Paragraph 160 asserts legal conclusions, no response is required.  StoneCo further repeats and incorporates by reference each of its responses to Paragraphs 152-55 as if fully set forth herein.

161.    To the extent that the allegations of Paragraph 161 were dismissed by the MTD Order, they require no response.  To the extent that a response is required, StoneCo denies the allegations, except admits, based on publicly available information, that StoneCo filed a Form 6-K with the SEC on May 26, 2020 and refers to that filing for its contents.

162.    To the extent that the allegations of Paragraph 162 were dismissed by the MTD Order, they require no response.  To the extent that a response is required, StoneCo denies the allegations, except admits, based on publicly available information, that StoneCo filed a Form 6-K with the SEC on May 26, 2020 and refers to that filing for its contents.

163.    StoneCo denies the allegations of Paragraph 163 and further states that to the extent Paragraph 163 asserts legal conclusions, no response is required.  StoneCo further repeats and incorporates by reference each of its responses to Paragraphs 152-55 as if fully set forth herein.

164.    To the extent that the allegations of Paragraph 164 were dismissed by the MTD Order, they require no response.  To the extent that a response is required, StoneCo denies the allegations, except admits, based on publicly available information, that StoneCo hosted an earnings call on May 26, 2020 and refers to the transcript of that call for its contents.

165.    To the extent that the allegations of Paragraph 165 were dismissed by the MTD Order, they require no response.  To the extent that a response is required, StoneCo denies the allegations, except admits, based on publicly available information, that StoneCo hosted an earnings call on May 26, 2020 and refers to the transcript of that call for its contents.

166.    StoneCo denies the allegations of Paragraph 166 and further states that to the extent Paragraph 166 asserts legal conclusions, no response is required.  StoneCo further repeats and incorporates by reference each of its responses to Paragraphs 152-55 as if fully set forth herein.

167. StoneCo denies the allegations of Paragraph 167, except admits that, based on publicly available information, StoneCo filed a Form 6-K with the SEC on August 11, 2020 and refers to that filing for its contents.

168. StoneCo denies the allegations of Paragraph 168 and further states that to the extent Paragraph 168 asserts legal conclusions, no response is required. StoneCo further repeats and incorporates by reference each of its responses to Paragraphs 152-55 as if fully set forth herein.

169. To the extent that the allegations of Paragraph 169 were dismissed by the MTD Order, they require no response. To the extent that a response is required, StoneCo denies the allegations, except admits, based on publicly available information, that StoneCo filed a Form 6-K with the SEC on October 29, 2020 and refers to that filing for its contents.

170. To the extent that the allegations of Paragraph 170 were dismissed by the MTD Order, they require no response. To the extent that a response is required, StoneCo denies the allegations of Paragraph 170 and further states that to the extent Paragraph 170 asserts legal conclusions, no response is required. StoneCo further states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 3." StoneCo further repeats and incorporates by reference each of its responses to Paragraphs 152-55 as if fully set forth herein.

171. To the extent that the allegations of Paragraph 171 were dismissed by the MTD Order, they require no response. To the extent that a response is required, StoneCo denies the allegations, except admits, based on publicly available information, that StoneCo hosted an earnings call on October 29, 2020 and refers to the transcript of that call for its contents.

172. To the extent that the allegations of Paragraph 172 were dismissed by the MTD Order, they require no response. To the extent that a response is required, StoneCo denies the

29

allegations of Paragraph 172 and further states that to the extent Paragraph 172 asserts legal conclusions, no response is required. StoneCo further repeats and incorporates by reference each of its responses to Paragraphs 152-55 and 170 as if fully set forth herein.

173. StoneCo denies the allegations of Paragraph 173, except admits, based on publicly available information, that StoneCo hosted an earnings call on March 11, 2021 and refers to the transcript of that call for its contents.

174. To the extent that the allegations of Paragraph 174 were dismissed by the MTD Order, they require no response. To the extent that a response is required, StoneCo denies the allegations, except admits, based on publicly available information, that StoneCo hosted an earnings call on March 11, 2021 and refers to the transcript of that call for its contents.

175. To the extent that the allegations of Paragraph 175 were dismissed by the MTD Order, they require no response. To the extent that a response is required, StoneCo denies the allegations of Paragraph 175 and further states that to the extent Paragraph 175 asserts legal conclusions, no response is required. StoneCo further repeats and incorporates by reference each of its responses to Paragraphs 152-55 and 170 as if fully set forth herein.

176. To the extent the allegations of Paragraph 176 were dismissed by the MTD Order, they require no response. To the extent a response is required, StoneCo denies the allegations, except admits that, based on publicly available information, StoneCo filed a Form 20-F with the SEC on April 7, 2021 and refers to that release for its contents.

177. To the extent the allegations of Paragraph 177 were dismissed by the MTD Order, they require no response. To the extent a response is required, StoneCo denies the allegations of Paragraph 177 and further states that to the extent Paragraph 177 asserts legal conclusions, no

response is required.  StoneCo further repeats and incorporates by reference each of its responses to Paragraphs 152-55, 160, and 170 as if fully set forth herein.

178.   To the extent the allegations of Paragraph 178 were dismissed by the MTD Order, they require no response.  To the extent a response is required, StoneCo denies the allegations, except admits that, based on publicly available information, StoneCo a Form 6-K with the SEC on June 1, 2021 and refers to that filing for its contents.

179.   To the extent the allegations of Paragraph 179 were dismissed by the MTD Order, they require no response.  To the extent a response is required, StoneCo denies the allegations of Paragraph 179 and further states that to the extent Paragraph 179 asserts legal conclusions, no response is required.  StoneCo further repeats and incorporates by reference each of its responses to Paragraphs 152-55, 168, and 170 as if fully set forth herein.  StoneCo further states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 5" and "CW 8."

180.   To the extent that the allegations of Paragraph 180 were dismissed by the MTD Order, they require no response.  To the extent that a response is required, StoneCo denies the allegations, except admits, based on publicly available information, that StoneCo hosted an earnings call on June 1, 2021 and refers to the transcript of that call for its contents.

181.    To the extent that the allegations of Paragraph 181 were dismissed by the MTD Order, they require no response.  To the extent that a response is required, StoneCo denies the allegations, except admits, based on publicly available information, that StoneCo hosted an earnings call on June 1, 2021 and refers to the transcript of that call for its contents.

182.   To the extent the allegations of Paragraph 182 were dismissed by the MTD Order, they require no response.  To the extent a response is required, StoneCo denies the allegations of

31

Paragraph 182 and further states that to the extent Paragraph 182 asserts legal conclusions, no response is required. StoneCo further repeats and incorporates by reference each of its responses to Paragraphs 152-55, 168, 170, and 179 as if fully set forth herein.

183. StoneCo denies the allegations of Paragraph 183, except admits, based on publicly available information, that StoneCo issued a press release issued on August 30, 2021 and refers to that release for its contents.

184. StoneCo denies the allegations of Paragraph 184, except refers to the public record for the per-share price of StoneCo's securities. StoneCo further states that to the extent Paragraph 184 asserts legal conclusions, no response is required.

185. StoneCo denies the allegations of Paragraph 185, except admits that, based on publicly available information, StoneCo issued a Teach In Paper on August 25, 2021 and refers to that papers for its contents. StoneCo further states that to the extent Paragraph 185 asserts legal conclusions, no response is required.

186. StoneCo denies the allegations of Paragraph 186 and further states that to the extent Paragraph 186 asserts legal conclusions, no response is required. StoneCo further repeats and incorporates by reference each of its responses to Paragraphs 152-55, 168, 170, and 179 as if fully set forth herein.

187. To the extent that the allegations of Paragraph 187 were dismissed by the MTD Order, they require no response. To the extent that a response is required, StoneCo denies the allegations, except admits, based on publicly available information, that StoneCo filed a Form 6-K with the SEC on August 30, 2021 and refers to that filing for its contents.

188. To the extent that the allegations of Paragraph 188 were dismissed by the MTD Order, they require no response. To the extent that a response is required, StoneCo denies the

allegations, except admits, based on publicly available information, that StoneCo filed a Form 6-K with the SEC on August 30, 2021 and refers to that filing for its contents.

189.    StoneCo denies the allegations of Paragraph 189, except refers to the public record for the per-share price of StoneCo's securities.  StoneCo further states that to the extent Paragraph 189 asserts legal conclusions, no response is required.

190.    StoneCo denies the allegations of Paragraph 190, except admits that, based on publicly available information, held an earnings call on August 30, 2021 and refers to the transcript of that call for its contents.

191.    StoneCo denies the allegations of Paragraph 191, except admits that, based on publicly available information, held an earnings call on August 30, 2021 and refers to the transcript of that call for its contents.

192.    StoneCo denies the allegations of Paragraph 192, except admits that, based on publicly available information, StoneCo issued a press release on August 30, 2021 and refers to that press release for its contents.

193.    StoneCo denies the allegations of Paragraph 193 and further states that to the extent Paragraph 193 asserts legal conclusions, no response is required.  StoneCo further repeats and incorporates by reference each of its responses to Paragraphs 152-55, 168, 170, 179, and 186 as if fully set forth herein.

194.    StoneCo denies the allegations of Paragraph 194, except admits that, based on publicly available information, StoneCo filed a Form 6-K with the SEC on November 16, 2021 and refers to that filing for its contents.

195. StoneCo denies the allegations of Paragraph 195, except admits that, based on publicly available information, StoneCo filed a Form 6-K with the SEC on November 16, 2021 and refers to that filing for its contents.

196. StoneCo denies the allegations of Paragraph 196, except admits that, based on publicly available information, held an earnings call on November 16, 2021 and refers to the transcript of that call for its contents.

197. StoneCo denies the allegations of Paragraph 197, except refers to the public record for the per-share price of StoneCo's securities. StoneCo further states that to the extent Paragraph 197 asserts legal conclusions, no response is required.

198. StoneCo denies the allegations of Paragraph 198. StoneCo further states that to the extent Paragraph 198 asserts legal conclusions, no response is required.

199. StoneCo denies the allegations of Paragraph 199. StoneCo further states that to the extent Paragraph 199 asserts legal conclusions, no response is required.

200. StoneCo denies the allegations of Paragraph 200. StoneCo further states that to the extent Paragraph 200 asserts legal conclusions, no response is required.

201. StoneCo denies the allegations of Paragraph 201. StoneCo further states that to the extent Paragraph 201 asserts legal conclusions, no response is required.

202. StoneCo denies the allegations of Paragraph 202. StoneCo further states that to the extent Paragraph 202 asserts legal conclusions, no response is required.

203. StoneCo denies the allegations of Paragraph 203. StoneCo further states that to the extent Paragraph 203 asserts legal conclusions, no response is required.

204. StoneCo denies the allegations of Paragraph 204. StoneCo further states that to the extent Paragraph 204 asserts legal conclusions, no response is required.

205.    StoneCo denies the allegations of Paragraph 205.  StoneCo further states that to the extent Paragraph 205 asserts legal conclusions, no response is required.

206.    StoneCo denies the allegations of Paragraph 206, except refers to the publicly available records regarding the trading volume of StoneCo securities during the Class Period for their contents.  StoneCo further states that to the extent Paragraph 206 asserts legal conclusions, no response is required.

207.    StoneCo denies the allegations of Paragraph 207.  StoneCo further states that to the extent Paragraph 207 asserts legal conclusions, no response is required.

208.    StoneCo denies the allegations of Paragraph 208, except admits that, based on publicly available information, StoneCo published a Teach-In Paper on August 25, 2021 and issued a press release on August 30, 2021 and refers to that those documents for their contents.  StoneCo further states that to the extent Paragraph 208 asserts legal conclusions, no response is required.

209.    StoneCo denies the allegations of Paragraph 209.  StoneCo further states that to the extent Paragraph 209 asserts legal conclusions, no response is required.

210.    StoneCo denies the allegations of Paragraph 210, except refers to the public record for the per-share price of StoneCo's securities.  StoneCo further states that to the extent Paragraph 210 asserts legal conclusions, no response is required.

211.    StoneCo denies the allegations of Paragraph 211, except admits that, based on publicly available information, Seeking Alpha published an article on August 25, 2021 entitled "StoneCo stock drops 4% after regulatory change results in higher delinquencies" and refers to that article for its contents.

212.    StoneCo denies the allegations of Paragraph 212.  StoneCo further states that to the extent Paragraph 212 asserts legal conclusions, no response is required.

213.    StoneCo denies the allegations of Paragraph 213.  StoneCo further states that to the extent Paragraph 213 asserts legal conclusions, no response is required.

214.    StoneCo denies the allegations of Paragraph 214, except admits that, based on publicly available information, StoneCo issued a press release and held an earnings call on August 30, 2021, and refers to the release and to the transcript of the call for their contents.  StoneCo further states that to the extent Paragraph 214 asserts legal conclusions, no response is required.

215.    StoneCo denies the allegations of Paragraph 215.  StoneCo further states that to the extent Paragraph 215 asserts legal conclusions, no response is required.

216.    StoneCo denies the allegations of Paragraph 216, except refers to the public record for the per-share price of StoneCo's securities.  StoneCo further states that to the extent Paragraph 216 asserts legal conclusions, no response is required.

217.    StoneCo denies the allegations of Paragraph 217, except admits that, based on publicly available information, analysts covered StoneCo and refers to those analyst reports for their contents.

218.    StoneCo denies the allegations of Paragraph 218, except admits that, based on publicly available information, analysts covered StoneCo and refers to those analyst reports for their contents.

219.    StoneCo denies the allegations of Paragraph 219.  StoneCo further states that to the extent Paragraph 219 asserts legal conclusions, no response is required.

220.    StoneCo denies the allegations of Paragraph 220.  StoneCo further states that to the extent Paragraph 220 asserts legal conclusions, no response is required.

221. StoneCo denies the allegations of Paragraph 221, except admits that, based on publicly available information, StoneCo issued a press release on November 16, 2021 and refers to that release for its contents. StoneCo further states that to the extent Paragraph 221 asserts legal conclusions, no response is required.

222. StoneCo denies that the allegations of Paragraph 222 provide a complete and/or accurate description of the matters purportedly described, except admits that, based on publicly available information, StoneCo held an earnings call on November 16, 2021 and refers to the transcript of that call for its contents.

223. StoneCo denies the allegations of Paragraph 223. StoneCo further states that to the extent Paragraph 223 asserts legal conclusions, no response is required.

224. StoneCo denies the allegations of Paragraph 224, except refers to the public record for the per-share price of StoneCo's securities. StoneCo further states that to the extent Paragraph 224 asserts legal conclusions, no response is required.

225. StoneCo denies the allegations of Paragraph 225, except admits that, based on publicly available information, analysts covered StoneCo and refers to those analyst reports for their contents.

226. StoneCo denies the allegations of Paragraph 226, except admits that, based on publicly available information, analysts covered StoneCo and refers to those analyst reports for their contents.

227. StoneCo denies the allegations of Paragraph 227, except admits that, based on publicly available information, analysts covered StoneCo and refers to those analyst reports for their contents.

228.    StoneCo denies the allegations of Paragraph 228, except admits that, based on publicly available information, analysts covered StoneCo and refers to those analyst reports for their contents.

229.    StoneCo denies the allegations of Paragraph 229.  StoneCo further states that to the extent Paragraph 229 asserts legal conclusions, no response is required.

230.    StoneCo denies the allegations of Paragraph 230.  StoneCo further states that to the extent Paragraph 230 asserts legal conclusions, no response is required.

231.    StoneCo denies that the allegations of Paragraph 231 provide a complete and/or accurate description of the matters purportedly described.

232.    StoneCo denies that the allegations of Paragraph 232 provide a complete and/or accurate description of the matters purportedly described, except admits, based on publicly available information, that S&P Global published an article on December 7, 2020 and refers to that article for its contents.

233.    StoneCo denies the allegations of Paragraph 233, except admits that, based on publicly available information, analysts covered StoneCo and refers to those analyst reports for their contents.  StoneCo further states that to the extent Paragraph 233 asserts legal conclusions, no response is required.

234.    StoneCo denies the allegations of Paragraph 234, except admits that, based on publicly available information, analysts covered StoneCo and refers to those analyst reports for their contents.

235.    StoneCo denies the allegations of Paragraph 235, except admits that, based on publicly available information, analysts covered StoneCo and refers to those analyst reports for their contents.

236.    StoneCo denies that the allegations of Paragraph 236 provide a complete and/or accurate description of the matters purportedly described.

237.    StoneCo denies the allegations of Paragraph 237, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 1."

238.    StoneCo denies that the allegations of Paragraph 238 provide a complete and/or accurate description of the matters purportedly described, except admits that StoneCo sometimes broke down losses into the three types identified above, though such losses and breakdown were unrelated to credit. StoneCo further states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding and describing purported statements attributed to "CW 6" or "CW 10."

239.    StoneCo denies that the allegations of Paragraph 239 provide a complete and/or accurate description of the matters purportedly described, except refer to the disclosures purportedly referenced for their contents.  StoneCo further states that to the extent Paragraph 239 asserts legal conclusions, no response is required.

240.    StoneCo denies the allegations of Paragraph 240, except admits that, based on publicly available information, StoneCo hosted an earnings call on March 2, 2020, and refers to the transcript of that call for its contents.

241.    StoneCo denies that the allegations of Paragraph 241 provide a complete and/or accurate description of the matters purportedly described, except admits that StoneCo issued a press release on May 26, 2020 and refers to that release for its contents.

242.    StoneCo denies the allegations of Paragraph 242.  StoneCo further states that to the extent Paragraph 242 asserts legal conclusions, no response is required.

243.    StoneCo states that Paragraph 243 is a characterization of the Complaint to which no response is required.  To the extent Paragraph 243 contains factual allegations to which a response is required, StoneCo denies the allegation of Paragraph 243.  StoneCo further states that to the extent Paragraph 243 asserts legal conclusions, no response is required.

244.    StoneCo states that Paragraph 244 is a characterization of the Complaint to which no response is required.  To the extent Paragraph 244 contains factual allegations to which a response is required, StoneCo denies the allegation of Paragraph 244, except admits that StoneCo shares traded on the NASDAQ during the Class Period.  StoneCo further states that to the extent Paragraph 244 asserts legal conclusions, no response is required.

245.    StoneCo denies the allegations of Paragraph 245.  StoneCo further states that to the extent Paragraph 245 asserts legal conclusions, no response is required.

246.    StoneCo denies the allegations of Paragraph 246.  StoneCo further states that to the extent Paragraph 246 asserts legal conclusions, no response is required.

247.    StoneCo denies the allegations of Paragraph 247.  StoneCo further states that to the extent Paragraph 247 asserts legal conclusions, no response is required.

248.    StoneCo denies the allegations of Paragraph 248.  StoneCo further states that to the extent Paragraph 248 asserts legal conclusions, no response is required.

249.    StoneCo denies the allegations of Paragraph 249.  StoneCo further states that to the extent Paragraph 249 asserts legal conclusions, no response is required.

250.    StoneCo denies the allegations of Paragraph 250.  StoneCo further states that to the extent Paragraph 250 asserts legal conclusions, no response is required.

251.    StoneCo denies the allegations of Paragraph 251.  StoneCo further states that to the extent Paragraph 251 asserts legal conclusions, no response is required.

252.    StoneCo denies the allegations of Paragraph 252.  StoneCo further states that to the extent Paragraph 252 asserts legal conclusions, no response is required.

253.    StoneCo denies the allegations of Paragraph 253.  StoneCo further states that to the extent Paragraph 253 asserts legal conclusions, no response is required.

254.    StoneCo denies the allegations of Paragraph 254.  StoneCo further states that to the extent Paragraph 254 asserts legal conclusions, no response is required.

255.    StoneCo states that a response to Paragraph 255 is not required, as the Individual Defendants have been dismissed from this action (ECF No. 85).  To the extent a response is required, StoneCo denies that the allegations of Paragraph 255 provide a complete and/or accurate description of the matters purportedly described.  StoneCo further states that to the extent Paragraph 255 asserts legal conclusions, no response is required.

256.    StoneCo states that a response to Paragraph 256 is not required, as the Individual Defendants have been dismissed from this action (ECF No. 85).  To the extent a response is required, StoneCo denies that the allegations of Paragraph 256 provide a complete and/or accurate description of the matters purportedly described.  StoneCo further states that to the extent Paragraph 256 asserts legal conclusions, no response is required.

257.    StoneCo states that a response to Paragraph 257 is not required, as the Individual Defendants have been dismissed from this action (ECF No. 85).  To the extent a response is required, StoneCo denies that the allegations of Paragraph 257 provide a complete and/or accurate description of the matters purportedly described.  StoneCo further states that to the extent Paragraph 257 asserts legal conclusions, no response is required.

258.    StoneCo states that a response to Paragraph 258 is not required, as the Individual Defendants have been dismissed from this action (ECF No. 85).  To the extent a response is

41

required, StoneCo denies the allegations of Paragraph 258. StoneCo further states that to the extent Paragraph 258 asserts legal conclusions, no response is required.

259. StoneCo states that a response to Paragraph 259 is not required, as the Individual Defendants have been dismissed from this action (ECF No. 85). To the extent a response is required, StoneCo denies the allegations of Paragraph 259. StoneCo further states that to the extent Paragraph 259 asserts legal conclusions, no response is required.

260. StoneCo states that a response to Paragraph 260 is not required, as the Individual Defendants have been dismissed from this action (ECF No. 85). To the extent a response is required, StoneCo denies the allegations of Paragraph 260. StoneCo further states that to the extent Paragraph 260 asserts legal conclusions, no response is required.

261. StoneCo states that a response to Paragraph 261 is not required, as the Individual Defendants have been dismissed from this action (ECF No. 85). To the extent a response is required, StoneCo denies the allegations of Paragraph 261. StoneCo further states that to the extent Paragraph 261 asserts legal conclusions, no response is required.

262. StoneCo repeats and incorporates by reference each of its responses to the Paragraphs above as if set forth fully herein, and further deny the allegations of Paragraph 262. To the extent the allegations of Paragraph 262 were dismissed by the MTD Order, no response is required.

263. StoneCo denies the allegations of Paragraph 263. StoneCo further states that to the extent Paragraph 263 asserts legal conclusions, no response is required. To the extent the allegations of Paragraph 263 were dismissed by the MTD Order, no response is required.

264.    StoneCo denies the allegations of Paragraph 264.  StoneCo further states that to the extent Paragraph 264 asserts legal conclusions, no response is required.  To the extent the allegations of Paragraph 264 were dismissed by the MTD Order, no response is required.

265.    StoneCo denies the allegations of Paragraph 265.  StoneCo further states that to the extent Paragraph 265 asserts legal conclusions, no response is required.  To the extent the allegations of Paragraph 265 were dismissed by the MTD Order, no response is required.

266.    StoneCo denies the allegations of Paragraph 266.  StoneCo further states that to the extent Paragraph 266 asserts legal conclusions, no response is required.  To the extent the allegations of Paragraph 266 were dismissed by the MTD Order, no response is required.

267.    StoneCo denies the allegations of Paragraph 267.  StoneCo further states that to the extent Paragraph 267 asserts legal conclusions, no response is required.  To the extent the allegations of Paragraph 267 were dismissed by the MTD Order, no response is required.

268.    StoneCo denies the allegations of Paragraph 268.  StoneCo further states that to the extent Paragraph 268 asserts legal conclusions, no response is required.  To the extent the allegations of Paragraph 268 were dismissed by the MTD Order, no response is required.

269.    StoneCo denies the allegations of Paragraph 269.  StoneCo further states that to the extent Paragraph 269 asserts legal conclusions, no response is required.  To the extent the allegations of Paragraph 269 were dismissed by the MTD Order, no response is required.

270.    StoneCo states that a response to Paragraph 270 is not required, as the Individual Defendants have been dismissed from this action (ECF No. 85).  To the extent a response is required, StoneCo repeats and incorporates by reference each of its responses to the Paragraphs above as if set forth fully herein, and further deny the allegations of Paragraph 270.

271.    StoneCo states that a response to Paragraph 271 is not required, as the Individual Defendants have been dismissed from this action (ECF No. 85).  To the extent a response is required, StoneCo denies the allegations of Paragraph 271.  StoneCo further states that to the extent Paragraph 271 asserts legal conclusions, no response is required.

272.    StoneCo states that a response to Paragraph 272 is not required, as the Individual Defendants have been dismissed from this action (ECF No. 85).  To the extent a response is required, StoneCo denies the allegations of Paragraph 272.  StoneCo further states that to the extent Paragraph 272 asserts legal conclusions, no response is required.

273.    StoneCo states that a response to Paragraph 273 is not required, as the Individual Defendants have been dismissed from this action (ECF No. 85).  To the extent a response is required, StoneCo denies the allegations of Paragraph 273.  StoneCo further states that to the extent Paragraph 273 asserts legal conclusions, no response is required.

### RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

StoneCo denies any wrongdoing and, except as expressly admitted in paragraphs 1-273 above, denies all allegations, and specifically denies that Plaintiff is entitled to any of the relief prayed for against StoneCo in the Complaint's prayer for relief.

### AFFIRMATIVE DEFENSES

StoneCo offers the following Defenses in response to the allegations set forth in the Complaint.  StoneCo reserves the right to amend this Answer, to amend, modify and/or supplement its Defenses, and to plead and assert additional Defenses or Counterclaims as they become known and appropriate during the course of the litigation, including, without limitation, any Defenses that may arise as a result of any discovery, findings, conclusions, or other action taken.  The statement of any Defense does not assume the burden of proof on any issue as to which applicable law places the burden on Plaintiff.  To the extent that any Defense asserted herein or to be asserted in the

44

future is mutually exclusive with another Defense asserted herein or to be asserted in the future, such Defense is asserted in the alternative to the other.

## FIRST DEFENSE

The Complaint, and each and every claim stated therein, fails to state a claim upon which relief can be granted. *First*, Plaintiff has failed to adequately allege that StoneCo made material misstatements or omissions because, among other reasons, the alleged misstatements are not actionable, and the alleged misstatements were not materially false or misleading. *Second*, Plaintiff has failed to allege that StoneCo acted with scienter, including because: (A) Plaintiff has not alleged that StoneCo had any unique motive to defraud the market; and (B) Plaintiff has failed to include any particularized allegations that StoneCo was aware that its statements were false when made. *Third*, Plaintiff has not adequately alleged loss causation. StoneCo incorporates as if set forth fully herein its Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (ECF No. 68) and its Reply Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (ECF No. 74).

## SECOND DEFENSE

The Complaint fails to plead adequately any of the alleged underlying conduct that Plaintiff claims gives rise to liability under the securities laws. Plaintiff fails to plead that any representations regarding StoneCo's credit product not consistent with the status and results of the product when made. StoneCo incorporates as if set forth fully herein its Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (ECF No. 68) and its Reply Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (ECF No. 74).

## THIRD DEFENSE

The Complaint fails to plead fraud with particularity, as required by Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u- 4(b)(1),

45

and otherwise fails to identify properly the alleged false or misleading statements of which Plaintiff complains and the alleged intent of StoneCo. To the extent the Rule 9(b) pleading standard applies, Plaintiff has failed to meet it because, among other reasons, they have failed to identify the who, what, where, when, and how of the alleged fraudulent conduct. Further, Plaintiff has failed to allege with specificity which disclosures were false or misleading or that StoneCo or anyone whose intent can be imputed to StoneCo had fraudulent intent. StoneCo incorporates as if set forth fully herein its Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (ECF No. 68) and its Reply Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (ECF No. 74).

### FOURTH DEFENSE

StoneCo is not liable because it did not make a false or misleading statement of material fact or omission of material fact, and complied with all applicable disclosure requirements. The alleged misstatements or omissions are inactionable for numerous reasons, including, without limitation, that they were immaterial, forward-looking statements protected by the PSLRA Safe Harbor, or statements of opinion. In addition, every disclosure Plaintiff identified in the Complaint was complete and accurate, and reflected StoneCo's knowledge at the time of each disclosure. StoneCo diligently reported any updates on the status of the credit product to the market. StoneCo incorporates as if set forth fully herein its Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (ECF No. 68) and its Reply Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (ECF No. 74).

### FIFTH DEFENSE

StoneCo is not liable because certain alleged misstatements by the Company were forward-looking and satisfied the safe harbor provisions of the federal securities laws and/or the "bespeaks caution" doctrine. These statements were accompanied by cautionary language, were immaterial,

and/or were honestly believed when they were made and thus qualify for safe harbor under the PSLRA.  StoneCo incorporates as if set forth fully herein its Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (ECF No. 68) and its Reply Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (ECF No. 74).

### SIXTH DEFENSE

StoneCo is not liable because Plaintiff's claims are barred, in whole or in part, because, assuming there was any untruth or omission as alleged in the Complaint (and StoneCo denies there was any), Plaintiff knew or should have known of such untruth or omission.  Even assuming that any of StoneCo's disclosures about the credit product were incomplete or misleading, Plaintiff knew or should have known that these statements or omissions were false or misleading, including because Plaintiff should have understood, as a sophisticated investor who likely conducted due diligence prior to investing in StoneCo, that the results of credit products are unpredictable.

### SEVENTH DEFENSE

StoneCo is not liable because they did not act knowingly or recklessly as to any alleged misstatement or omission.  Plaintiff has failed to include any particularized allegations regarding any StoneCo's scienter, and even if StoneCo made any misleading statement or omission (which it did not), it did not do so knowingly or recklessly.  StoneCo had no unique motivation to defraud the market, and Plaintiff fails to adequately plead that StoneCo knew facts contrary to its public statements.  StoneCo incorporates as if set forth fully herein its Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (ECF No. 68) and its Reply Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (ECF No. 74).

### EIGHTH DEFENSE

StoneCo is not liable because it, at all times, and with respect to all matters contained herein, acted in good faith, exercised reasonable care, and did not know, and in the exercise of

reasonable care could not have known, of the purported untruths, misstatements and/or omissions alleged in the Complaint. Every disclosure Plaintiff identified in the Complaint was complete and accurate, and reflected StoneCo's knowledge at the time of each disclosure. Any misleading statement or omission (of which there were none) was made in good faith, and not with an intent to defraud the market. StoneCo diligently reported any updates on the status of the project to the market. StoneCo incorporates as if set forth fully herein its Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (ECF No. 68) and its Reply Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (ECF No. 74).

**NINTH DEFENSE**

This action may not properly be maintained as a class action. The putative class is not so numerous that joinder is impracticable because Plaintiff has failed to allege how many potential class members there may be. Further, common questions of law or fact do not predominate for the putative class because each investor will pose different issues concerning knowledge, reliance, and damages, among other things. And even if there are some common questions of fact or law among the purported class, these common questions are outweighed by questions of law and fact that apply only to individual class members. In addition, Plaintiff is subject to unique defenses, meaning that its claims and defenses are not typical of the rest of the class, and it otherwise is unable to fairly and adequately protect other class members including due to conflicts of interest with the class. Further, maintaining this action as separate actions would create no risk of inconsistent or varying adjudications, because each class member's claims pose unique questions or law or fact.

**TENTH DEFENSE**

To the extent Plaintiff's claims, and/or the issues and alleged underlying misconduct raised by Plaintiff's claims have been previously litigated, Plaintiff's claims are barred, in whole or in

part, from any recovery under the doctrines of res judicata and/or collateral estoppel. To the extent Plaintiff pursues any claims or theories that were dismissed by the Court's Motion to Dismiss Order (ECF No. 76), Plaintiff is barred from doing so.

## ELEVENTH DEFENSE

Defendants are not liable because any wrongdoing alleged in the Complaint lacks a sufficient connection to the purchase or sale of StoneCo securities. Plaintiff has not adequately alleged that the alleged misstatements or omissions by StoneCo concerning the credit product caused Plaintiff to buy or sell shares of StoneCo stock, nor has Plaintiff alleged that it relied on StoneCo's statements in deciding to purchase StoneCo stock. Similarly, Plaintiff has not sufficiently alleged that it or other class members would not have purchased StoneCo stock absent the purported misrepresentations or omissions. StoneCo incorporates as if set forth fully herein its Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (ECF No. 68) and its Reply Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (ECF No. 74).

## TWELFTH DEFENSE

StoneCo is not liable because some or all of the matters now claimed by the Complaint to be the subject of misrepresentations or omissions publicly were disclosed or were in the public domain and, as such, were available to Plaintiff and were at all times reflected in the market price of StoneCo securities.

## THIRTEENTH DEFENSE

StoneCo is not liable because any allegedly untrue statement of material fact, omissions of material fact, misleading statements, or other actions allegedly taken by StoneCo was not material to the investment decisions of Plaintiff. Plaintiff has not adequately alleged that the alleged misstatements or omissions by StoneCo regarding the credit product caused them to buy or sell

49

shares of StoneCo stock, nor has Plaintiff alleged that it relied on StoneCo's statements or omissions in deciding to purchase StoneCo stock. Similarly, Plaintiff has not alleged that it or other class members would not have purchased StoneCo stock absent the purported misrepresentations or omissions. StoneCo incorporates as if set forth fully herein its Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (ECF No. 68) and its Reply Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (ECF No. 74).

## FOURTEENTH DEFENSE

StoneCo is not liable because the alleged misrepresentations and omissions on which Plaintiff bases its claims were immaterial puffery and/or otherwise not material. The allegedly misleading statements Plaintiff identifies are general statements of corporate optimism and/or are forward-looking and express expectations for the credit product, statements of opinion that Plaintiff does not adequately allege were not held when made, or are too general to be considered material by a reasonable investor. Further, Plaintiff has failed to adequately allege that StoneCo knew or recklessly disregarded that any of the alleged misstatements were false or misleading when made. StoneCo incorporates as if set forth fully herein its Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (ECF No. 68) and its Reply Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (ECF No. 74).

## FIFTEENTH DEFENSE

StoneCo is not liable because certain alleged misstatements about which Plaintiffs complain concern nonactionable matters of opinion or soft information, rather than matters of material fact. StoneCo incorporates as if set forth fully herein its Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (ECF No. 68) and its Reply Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (ECF No. 74).

## SIXTEENTH DEFENSE

StoneCo is not liable because Plaintiff's claims are barred, in whole or in part, because the purported misrepresentations and omissions alleged in the Complaint did not affect the market price of StoneCo securities.  The alleged misrepresentations and omissions were neither the but-for or the proximate cause of any diminution in the market price of StoneCo securities, or Plaintiff's alleged losses.  StoneCo incorporates as if set forth fully herein its Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (ECF No. 68) and its Reply Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (ECF No. 74).

## SEVENTEENTH DEFENSE

StoneCo is not liable because Plaintiff has not pleaded the required connection between the challenged statements and the alleged loss, and/or any losses suffered by Plaintiff were not causally related to the purported misstatements or omissions alleged by Plaintiff.   The alleged misrepresentations and omissions thus were neither the but-for or the proximate cause of any diminution in the market price of StoneCo securities, or the Plaintiff's alleged losses.  StoneCo incorporates as if set forth fully herein its Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (ECF No. 68) and its Reply Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (ECF No. 74).

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff did not reasonably rely on any of the purported misstatements or omissions alleged in the Complaint in deciding to purchase or sell StoneCo securities.   Plaintiff has not adequately alleged that the alleged misstatements or omissions by StoneCo caused them to buy or sell shares of StoneCo stock, nor has Plaintiff alleged that they relied on StoneCo's statements or omissions in deciding to purchase StoneCo stock. Similarly, Plaintiff has not alleged that they or other class members would not have purchased

51

StoneCo stock absent the purported misrepresentations or omissions.  StoneCo incorporates as if set forth fully herein its Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (ECF No. 68) and its Reply Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (ECF No. 74).

## NINETEENTH DEFENSE

Plaintiff cannot recover against StoneCo, in whole or in part, because the "fraud on the market" theory of reliance or other presumption of reliance is unavailable, and it is otherwise unable to establish that it relied upon the purported misstatements and omissions alleged in the Complaint.  Plaintiff has not established that the alleged misrepresentations and omissions negatively impacted the market price of StoneCo securities as claimed in the Complaint, that the alleged misstatements or omissions by StoneCo caused it to buy or sell shares of StoneCo stock, or that they relied on StoneCo's statements or omissions in deciding to purchase StoneCo stock. Similarly, Plaintiff has not alleged that it or other class members would not have purchased StoneCo stock absent the purported misrepresentations or omissions.  StoneCo incorporates as if set forth fully herein its Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (ECF No. 68) and its Reply Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (ECF No. 74).

## TWENTIETH DEFENSE

Plaintiff cannot recover against StoneCo because Plaintiff is unable to establish that the purported misstatements and omissions alleged in the Complaint were the cause of Plaintiff's decisions to purchase StoneCo securities on the terms of their investments.  Plaintiff has not adequately alleged that the alleged misstatements or omissions by StoneCo concerning the credit product caused it to buy or sell shares of StoneCo stock, nor has Plaintiff alleged that it relied on StoneCo's statements or omissions in deciding to purchase StoneCo stock.  Similarly, Plaintiff has

not alleged that it or other class members would not have purchased StoneCo stock absent the purported misrepresentations or omissions.  StoneCo incorporates as if set forth fully herein its Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (ECF No. 68) and its Reply Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (ECF No. 74).

<strong>TWENTY-FIRST DEFENSE</strong>

Plaintiff cannot recover against StoneCo because StoneCo was under no duty to disclose the alleged underlying conduct.  The alleged misstatements or omissions are unactionable for numerous reasons, including, without limitation, that they were forward-looking statements identified as such and accompanied by adequate cautionary language.  In addition, every disclosure Plaintiff identified in the Complaint was complete and accurate, and reflected StoneCo's knowledge at the time of each disclosure.  StoneCo diligently reported any updates on the credit product to the market.  StoneCo incorporates as if set forth fully herein its Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (ECF No. 68) and its Reply Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (ECF No. 74).

<strong>TWENTY-SECOND DEFENSE</strong>

Some or all of Plaintiff's claims are barred because Plaintiff cannot establish a sufficient connection between the cited statements and any alleged underlying wrongdoing sufficient to create a duty to disclose.  The alleged misstatements or omissions are unactionable for numerous reasons, including, without limitation, that they were forward-looking statements identified as such and accompanied by adequate cautionary language.  In addition, every disclosure Plaintiff identified in the Complaint was complete and accurate, and reflected StoneCo's knowledge at the time of each disclosure.  StoneCo diligently reported any updates on the credit product to the market.  StoneCo incorporates as if set forth fully herein its Memorandum of Law in Support of

53

its Motion to Dismiss the Amended Complaint (ECF No. 68) and its Reply Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (ECF No. 74).

## TWENTY-THIRD DEFENSE

Plaintiff cannot recover against StoneCo because the losses, if any, sustained by Plaintiff were not actually or proximately caused by the acts and occurrences alleged in the Complaint. The purported "corrective disclosures" did not "reveal" any misstatements or omissions, nor did they cause statistically significant declines that could be connected to the alleged misstatements at issue. The alleged misrepresentations and omissions thus were neither the but-for or the proximate cause of any diminution in the market price of StoneCo securities, or Plaintiff's alleged losses. StoneCo incorporates as if set forth fully herein its Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (ECF No. 68) and its Reply Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (ECF No. 74).

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred because the injuries and underlying wrongdoing alleged by Plaintiff, to the extent any exist, were caused, in whole or in part, by intervening and/or superseding causes unrelated to the alleged conduct of StoneCo, by the conduct of third parties for whom StoneCo was not responsible, through forces in the marketplace over which StoneCo has no control, or through acts or omissions by Plaintiff. The alleged misrepresentations and omissions were neither the but-for or the proximate cause of any diminution in the market price of StoneCo securities, or Plaintiff's alleged losses. StoneCo incorporates as if set forth fully herein its Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (ECF No. 68) and its Reply Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (ECF No. 74).

**TWENTY-FIFTH DEFENSE**

StoneCo is not liable because to the extent that Plaintiff has been damaged, if at all, its failure to mitigate their damages bars recovery. Plaintiff had a duty to mitigate any alleged losses they incurred as a result of StoneCo's purported misstatements or omissions, and/or in response to StoneCo's disclosures regarding the credit product. Any failure by Plaintiff to mitigate its alleged losses therefore acts as a bar to recovery.

**TWENTY-SIXTH DEFENSE**

StoneCo is not liable because Plaintiff's and the purported class members' losses, if any, should be reduced, diminished, and/or eliminated under the proportionate liability provisions of the Securities Exchange Act of 1934 to reflect only StoneCo's percentage of responsibility, if any. To the extent other individuals or entities are responsible for the misstatements and/or omissions described in the Complaint, StoneCo's liability must be correspondingly reduced. Further, StoneCo is only responsible for the alleged misconduct, misstatements and/or omissions, or fraudulent conduct attributed to StoneCo.

**TWENTY-SEVENTH DEFENSE**

To the extent Plaintiff or the purported class members suffered damages, if at all, such damages must be offset by their gains. For instance, if Plaintiff or other purported class members purchased and then sold shares during the class period but before the first alleged corrective disclosure dates, the gains from those sales must be taken into consideration, and damages should be offset by those gains.

**TWENTY-EIGHTH DEFENSE**

To the extent Plaintiff suffered damages, if at all, such damages must be capped pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(e)(1).

**TWENTY-NINTH DEFENSE**

Plaintiff cannot recover against StoneCo, in whole or in part, because StoneCo is entitled to proper offsets for any settlements Plaintiff enters into, or any amounts Plaintiff otherwise receive from any source, in connection with Plaintiff's alleged losses.

**THIRTIETH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because they have incurred no legally cognizable injury or damages. Plaintiff did not incur losses in their transactions in StoneCo shares due to any of the alleged misstatements and/or omissions in the Complaint.

**THIRTY-FIRST DEFENSE**

StoneCo denies that Plaintiff is entitled to recover of attorneys' fees, costs or expenses.

**THIRTY-SECOND DEFENSE**

The putative Class Period is overbroad and, therefore, many of the purported putative class members are not entitled to any recovery. The purported corrective disclosures do not each meet the requirements for establishing a corrective disclosure, nor are all misstatements identified in the Complaint actionable, materially false or misleading, or made with scienter. Therefore the Class Period is overbroad.

**THIRTY-THIRD DEFENSE**

Plaintiff's claims are barred in whole or in part because StoneCo at all times acted in good faith and in reasonable reliance upon the representations, reports, expert opinions, and advice of others. StoneCo was entitled to, and did, rely upon representations, reports, expert opinions, and advice of others in authorizing allegedly misleading disclosures. They believed that those individuals upon whose representations, reports, expert opinions and advice they relied were, in fact, experts in their field and were competent to render the opinions they had provided. StoneCo

56

had no notice, and had no reasonable grounds to believe, that the representations, reports, expert opinions and advice provided were in any way inadequate, unfounded or incorrect.

## JURY TRIAL DEMANDED

StoneCo hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, StoneCo prays for judgment against Plaintiff as follows:

(1)     Dismissing the entire action with prejudice;

(2)     Granting StoneCo its reasonable costs, expenses and attorneys' fees; and

(3)     Awarding StoneCo such other, further and different relief as the Court deems

just and proper.

DATED:   Wednesday, November 27, 2024                Respectfully submitted,
         New York, New York

                                        */s/ Michael B. Carlinsky*
                                        **QUINN EMANUEL URQUHART &**
                                        **SULLIVAN, LLP**
                                        Michael B. Carlinsky
                                        Jacob J. Waldman
                                        Leigha Empson
                                        Mario O. Gazzola
                                        51 Madison Avenue, 22nd Floor
                                        New York, NY 10010
                                        T: 212-849-7000
                                        michaelcarlinsky@quinnemanuel.com
                                        jacobwaldman@quinnemanuel.com
                                        leighaempson@quinnemanuel.com
                                        mariogazzola@quinnemanuel.com

                                        *Counsel for Defendant StoneCo Ltd.*

57