# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE STONECO LTD. SECURITIES LITIGATION | No. 1:21-cv-09620(GHW)(OTW) |

## STIPULATION AND PROPOSED PROTECTIVE ORDER

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. The requesting party and counsel, including in-house counsel;

   b. The Parties' insurers and counsel to insurers;

1

c. Employees of such counsel assigned to and necessary to assist in the litigation;

d. Outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

e. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

f. As to any document, its author, its addressee, its recipient(s), and any other person indicated as having received a copy;

g. Any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action;

h. Stenographers engaged to transcribe depositions conducted in this action;

i. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court); and

j. Any mediator or arbitrator that the Parties engage in this matter.

5. Before disclosing or displaying the Confidential Information to any person referred to in subparagraphs 4(e) or 4(j) above, counsel must:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

6. With respect to deposition transcripts, a party may designate information disclosed at a deposition as Confidential by requesting, on the record at the time of the deposition, the court reporter to so designate the transcript or any portion thereof. The designating party must also inform the court reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, and such materials shall be treated accordingly. During the 30-day period following the conclusion of a deposition, the entire deposition

2

transcript will be treated as if it had been designated Confidential if any portion thereof is requested to be designated as Confidential at the time of the deposition.

7.    The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8.    Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential.

9.    Pursuant to Federal Rule of Civil Procedure 502, inadvertent disclosure of privileged communications shall not constitute a waiver of the privilege in this matter provided the parties follow the steps set forth in Rule 502.

10.    Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

11.    At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

**SO STIPULATED AND AGREED.**

Respectfully submitted this 6th day of January, 2025.

*/s/ Michael H. Rogers (with permission)*
**LABATON KELLER SUCHAROW LLP**
Michael P. Canty
Michael H. Rogers
Jacqueline R. Meyers
140 Broadway
New York, NY 10005
T: 212-907-0700
F: 212-818-0477
mcanty@labaton.com
mrogers@labaton.com
jmeyers@labaton.com

*/s/Jesse Bernstein*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Michael B. Carlinsky
Jesse Bernstein
Leigha Empson
Mario O. Gazzola
295 Fifth Avenue
New York, NY 10016
T: 212-849-7000
F: 212-849-7100
michaelcarlinsky@quinnemanuel.com
jessebernstein@quinnemanuel.com
leighaempson@quinnemanuel.com

3

*Counsel for Lead Plaintiff Indiana Public Retirement System and the Proposed Class*

mariogazzola@quinnemanuel.com

*Counsel for Defendant StoneCo Ltd.*

Dated:

New York, New York

**SO ORDERED:**

_____

The Honorable Ona T. Wang
United States Magistrate Judge

4

**<u>Agreement</u>**

I have been informed by counsel that certain documents or information to be Disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.


DATED:


_____


~~Signed in the presence of:~~


_____
~~(Attorney)~~

5