

**Michael H. Rogers**
**Partner**
**Labaton Keller Sucharow LLP**
140 Broadway
New York, New York 10005
212.907.0814
MRogers@labaton.com

March 28, 2025

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __3/28/25__

**MEMORANDUM ENDORSED**

**VIA CM/ECF**
Hon. Gregory H. Woods
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

RE:     *In re StoneCo Ltd. Sec. Litig.*, 1:21-cv-09620-GHW-OTW

Dear Judge Woods:

We write on behalf of Court-appointed Lead Plaintiff, Indiana Public Retirement System ("Lead Plaintiff"), pursuant to Section 2(E)(i) of the Court's Individual Motion Practice Rules ("2(E)(i)"), to submit a pre-motion submission for Lead Plaintiff's anticipated motion for class certification under Fed. R. Civ. P. 23. On December 19, 2024, Magistrate Judge Ona T. Wang entered a case schedule negotiated by both parties which sets a deadline of April 4, 2025 for Lead Plaintiff to submit its motion for class certification.[1] ECF No. 93.  Pursuant to the schedule, Defendant StoneCo Ltd. ("Defendant" or "StoneCo") must submit its opposition on June 3, 2025, with Lead Plaintiff's reply on August 4, 2025. Lead Plaintiff respectfully requests that the Court (i) permit the parties to adhere to Judge Wang's entered schedule, and (ii) to do so without a conference.  Alternately, should the Court prefer to hold the pre-motion conference, Lead Plaintiff respectfully requests that the conference occur before April 4 so that the parties can continue to operate under the currently ordered schedule. As required under 2(E)(i), Lead Plaintiff has communicated with StoneCo's counsel, who confirmed that Defendant does not oppose Lead Plaintiff filing a motion for class certification, but StoneCo reserves the right to oppose the motion itself.

Lead Plaintiff will move to certify a class in this securities fraud suit on behalf of all persons or entities that purchased or otherwise acquired publicly traded common stock of StoneCo during the period from May 27, 2020 through November 16, 2021, both dates inclusive (the "Class Period"), and were damaged thereby (the "Class").  This action presents a paradigmatic example of the type of case appropriately certified as a class action. Under Fed. R. Civ. P. Rule 23(a), certification of a class action is appropriate when four threshold requirements are met: 1) numerosity; 2) commonality; 3) typicality; and 4) adequacy of representation. Additionally, under Fed. R. Civ. P. 23(b)(3), "common" questions of law or fact must "predominate over any questions affecting only individual members," and a class action must be "superior" to any other methods of adjudication. Here, all requirements of both Fed. R. Civ. P. 23(a) and 23(b)(3) are met.

---

[1] On December 6, 2021, the case was referred to Magistrate Judge Wang for "General Pretrial," which "includes scheduling, discovery, non-dispositive pretrial motions, and settlement."

 New York | Delaware | London | Washington, D.C.

LKS

March 28, 2025 | Page 2

First, the threshold requirements of Fed. R. Civ. P. 23(a) have been met. Numerosity is established because the proposed Class is so numerous that joinder would be impractical, with over 100 million shares of StoneCo Class A common stock outstanding and an average weekly trading volume on the NASDAQ of over ten million. *See In re Signet Jewelers Limited Securities Litigation*, 2019 WL 3001084, at *8 (S.D.N.Y. 2019) (numerosity satisfied when between 60.5 and 80.5 million shares outstanding and average of 1.34 million shares traded daily). Commonality is satisfied because this action raises significant questions common to the proposed Class, including whether StoneCo violated the federal securities laws, whether StoneCo made false or misleading statements with scienter during the Class Period, and the proper measure of damages. *See In re Aphria, Inc. Securities Litigation*, 342 F.R.D. 199, 205 (S.D.N.Y. 2022) (commonality established under comparable circumstances). Typicality is satisfied because Lead Plaintiff's claims rise out of the same alleged facts and legal theories as all other members of the proposed Class—i.e., that Defendant made materially false and misleading public statements, leading Lead Plaintiff to purchase StoneCo shares at artificially inflated and maintained prices. *See Wilson v. LSB Indus., Inc.*, 2018 WL 3913115, at *5 (S.D.N.Y. 2018) (typicality established in case arising under federal securities laws). And adequacy of representation is satisfied because Lead Plaintiff's interests are not antagonistic to the proposed Class, and Lead Plaintiff has retained highly competent and qualified counsel to conduct the litigation. *See Hawaii Structural Ironworkers Pension Tr. Fund, Inc. v. AMC Ent. Holdings, Inc.*, 338 F.R.D. 205, 212 (S.D.N.Y. 2021).

Second, the requirements of Fed. R. Civ. P. 23(b)(3) have been established. Predominance is established because the elements of Lead Plaintiff's fraud claims are common to the proposed Class. The central issues of falsity, materiality, and loss causation are common to all class members. *In re Pfizer Inc. Sec. Litig.*, 282 F.R.D. 38, 52 (S.D.N.Y. 2012). Furthermore, Lead Plaintiff is entitled to a fraud-on-the-market presumption of class-wide reliance because StoneCo common stock traded in an efficient market. *Basic Inc. v. Levinson*, 485 U.S. 224, 245-49 (1988).  And superiority is established because judicial economy favors class treatment here: the proposed Class consists of hundreds or thousands of Class members; concentrating the litigation in this forum would promote judicial economy; and Lead Plaintiff is not aware of any related litigation or other management difficulties precluding this action from class treatment.  *See Erickson v. Jernigan Cap., Inc.*, 692 F. Supp. 3d 114, 134 (S.D.N.Y. 2023) (class actions are typically superior to individual actions in securities cases).

Lead Plaintiff respectfully requests that the Court permit the parties to adhere to the briefing schedule entered by Judge Wang, without a conference. Alternately, Lead Plaintiff respectfully requests that the court conduct a pre-trial conference prior to April 4, 2025.

Respectfully Submitted,

Michael H. Rogers

Application granted.  The March 28, 2025 request by Lead Plaintiff Indiana Public Retirement System ("Lead Plaintiff") for leave to file a motion for class certification, Dkt. No. 107, is granted.  In accordance with the December 19, 2024 case management plan entered by Judge Wang, Dkt. No. 93, the deadline for Lead Plaintiff to file and serve its motion for class certification is April 4, 2025.  Defendant's opposition is due by June 3, 2025; Lead Plaintiff's reply, if any, is due by August 4, 2025.  The Clerk of Court is directed to terminate the motion pending at Dkt. No. 107.

SO ORDERED.

Dated:  March 28, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge