**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE STONECO LTD. SECURITIES LITIGATION | Civil Action No. 1:21-cv-9620 (GHW)(OTW) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF (I) LEAD
PLAINTIFF'S MOTION FOR FINAL APPROVAL OF PROPOSED
CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION
AND (II) LEAD COUNSEL'S MOTION FOR AN AWARD
OF ATTORNEYS' FEES AND PAYMENT OF EXPENSES**

**<u>TABLE OF CONTENTS</u>**

PRELIMINARY STATEMENT ...................................................................................................... 1

ARGUMENT ................................................................................................................................... 3

I.      THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS
APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION ........................ 3

II.    THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS
APPROVAL OF THE ATTORNEYS' FEE AND EXPENSE APPLICATION ............... 5

CONCLUSION ................................................................................................................................ 5

i

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Indiana Public Retirement System ("Lead Plaintiff" or "INPRS"), on behalf of itself and all other members of the proposed Settlement Class,[1] respectfully submits this reply memorandum of law in further support of (i) Lead Plaintiff's Motion for Final Approval of Proposed Class Action Settlement and Plan of Allocation (ECF No. 128); and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees and Payment of Expenses (ECF No. 130) (together, the "Motions").

## PRELIMINARY STATEMENT

Now that the February 6, 2025 deadline for seeking exclusion from the Settlement Class or objecting has passed, Lead Plaintiff and Lead Counsel respectfully submit that the reaction of the Settlement Class to the Settlement, Plan of Allocation, and Lead Counsel's motion for attorneys' fees and expenses has been very positive. After a robust notice program, there have been no objections to any aspect of the Settlement and only two requests for exclusion, both of which were anticipated given that the funds requesting exclusion filed an individual case on May 23, 2025—before the Settlement was reached.

More specifically, a total of 150,721 Postcard Notices and 397 Notices and Claim Forms ("Notice Packets") have been mailed or emailed to potential Settlement Class Members or their nominees through February 18, 2026. *See* Supplemental Declaration of Lance Cavallo Regarding: (A) Update on Dissemination of Notice; (B) Claims to Date; and (C) Report on Requests for Exclusion Received to Date, dated February 19, 2026, at ¶2, filed herewith ("Supp. Mailing Decl."). In addition, copies of the Postcard Notice, long-form Notice, Claim Form, Stipulation, and Complaint were posted on the website created for this Settlement,

---

[1] All capitalized terms used in this memorandum that are not defined have the same meanings as in the Stipulation and Agreement of Settlement, dated as of October 15, 2025 ("Stipulation"). ECF No. 123-1. Unless otherwise noted, citations and internal quotations have been omitted.

www.StoneCoSecuritiesSettlement.com, as well as the website of Lead Counsel. Further, on December 10, 2025, the Claims Administrator published the Summary Notice in *The Wall Street Journal* and released it over the internet via *PR Newswire. See* Declaration of Lance Cavallo Regarding: (A) Dissemination of Postcard Notice and Notice Packet; (B) Publication of Summary Notice; (C) Establishment of Telephone Hotline and Settlement Website; and (D) Report on Requests for Exclusion Received to Date, dated January 22, 2026 at ¶9 ("Mailing Decl.," ECF No. 132-4).

Collectively, the notices provided the terms of the proposed Settlement and Plan of Allocation and stated that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 30%[2] of the Settlement Fund and payment of Litigation Expenses in an amount not to exceed $420,000. *See* Mailing Decl. Exs. A-C. The notices also apprised Settlement Class Members of their right to object to the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and payment of expenses, or to seek exclusion from the Settlement Class, and the February 6, 2026 deadline for doing so. The long-form Notice provided more detailed information about the Action and Settlement, including the Plan of Allocation.

On January 23, 2026, pursuant to the schedule set by the Court in the Preliminary Approval Order, Lead Plaintiff and Lead Counsel filed their opening papers in support of the Motions. Those papers—which are available on the public docket (*see* ECF Nos. 128-132), the website for the Settlement and Lead Counsel's firm website—described Lead Plaintiff's and Lead Counsel's views of the Settlement, the Plan of Allocation, work performed in the litigation, and the fee and expense awards requested.

---

[2] While the notices indicate that Lead Counsel would seek a fee award not to exceed 30% of the Settlement Fund, Lead Counsel is seeking 28% of the Settlement Fund.

In response, there have been ***no objections*** to the proposed Settlement or Plan of Allocation, ***no objections*** to the Fee and Expense Application, and only two valid requests for exclusion. *See* Supp. Mailing Decl. at ¶6, Ex. A. Although the numbers are preliminary, through February 18, 2026, approximately 91,000 claims have been submitted. *Id*. at ¶5.  Accordingly, Lead Plaintiff and Lead Counsel respectfully submit that this reaction by the Settlement Class further demonstrates the fairness, adequacy, and reasonableness of the Settlement, Plan of Allocation, and Lead Counsel's request for attorneys' fees and expenses.

## ARGUMENT

I.     **THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION**

Following a thorough notice program, no Settlement Class Member objected to any aspect of the Settlement or the Plan of Allocation. This "favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry…" and accordingly strongly supports a finding that the Settlement is fair, reasonable, and adequate. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc*., 396 F.3d 96, 119 (2d Cir. 2005); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig*., 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018), *aff'd, In re Facebook Inc.* 822 F. App'x. 40 (2d Cir. 2020) ("The overwhelmingly positive reaction–or absence of a negative reaction–weighs strongly in favor of confirming the Proposed Settlement."); *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695 (CM), 2007 WL 4115809, at *7 (S.D.N.Y. Nov. 7, 2007) ("The lack of objections provides effective evidence of the fairness of the Settlement."). As the Second Circuit reasoned in *Wal-Mart*, "[i]f only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement." 396 F.3d at 118.

The absence of objections from institutional investors or pension funds is also noteworthy.

3

That these sophisticated Settlement Class Members—who have the resources to carefully evaluate the Settlement and object if it were appropriate to do so—have not objected to the Settlement (or the Plan of Allocation) provides further evidence of the fairness of the Settlement. *See, e.g.*, *In re Signet Jewelers Limited Sec. Litig.* No. 16-cv-06728, 2020 WL 4196468, at *6 (S.D.N.Y. July 21, 2020) ("Institutional investors are often sophisticated and possess the incentive and ability to object. Accordingly, the absence of objections by these sophisticated class members is further evidence of the fairness of the Settlement."); *In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 382 (S.D.N.Y. 2013) (that "not a single objection was received from any of the institutional investors" supported settlement); *In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*, No. 02 Civ. 5575, 2006 WL 903236, at *10 (S.D.N.Y. Apr. 6, 2006) (the lack of objections from institutional investors supported approval of settlement).

The lack of objections from Settlement Class Members also supports approval of the Plan of Allocation. *See In re EVCI Career Colls. Holdings Corp. Sec. Litig.*, No. 05 Civ. 10240, 2007 WL 2230177, at *11 (S.D.N.Y. July 27, 2007) (noting that "[c]ourts … [should] consider the reaction of a class to a plan of allocation" and, where there are no objections, "the Plan of Allocation should be approved"); *Veeco*, 2007 WL 4115809, at *14 (that "not one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members … supports approval of the Plan of Allocation").

Similarly, the fact that there are only two valid requests for exclusion offers clear support for the Court's final approval of the Settlement. *See, e.g.*, *In re Bear Stearns Cos., Sec., Derivative & ERISA Litig.*, 909 F. Supp. 2d 259, 266-67 (S.D.N.Y. 2012) ("Given the absence of significant exclusion or objection—the rate of exclusion is 5.1% and the rate of objection is less than 1%—this factor weighs strongly in favor of approval"); *In re Am Int'l Grp. Inc. Sec. Litig.*, No. 04 Civ.

4

8141, 2010 WL 5060697, at *2 (S.D.N.Y. Dec. 2, 2010), *aff'd*, 452 F. App'x. 75 (2d Cir. 2012) (noting the "extremely positive" reaction to the settlement where there were "only 105 requests for exclusion received, out of which 61 were timely and valid"). Although the opt-outs are sizable, they are funds that filed an individual case on May 23, 2025, ***before*** the Settlement was reached, accordingly the requests are not a reflection of any dissatisfaction with the Settlement. *See Incline Glob. Enhanced Long Fund LP, et al. v. StoneCo Ltd., et al.*, Case No. 1:25-cv-04395-GHW-OTW (S.D.N.Y.).

## II.    THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS APPROVAL OF THE ATTORNEYS' FEE AND EXPENSE APPLICATION

Not one Settlement Class Member has objected to Lead Counsel's motion for an award of attorneys' fees or payment of Litigation Expenses. The fact that there have been no objections is strong evidence that the requests are fair and reasonable. *See, e.g.*, *Signet*, 2020 WL 4196468, at *21 ("The absence of any objections to the requested attorneys' fees and Litigation Expenses supports a finding that the request is fair and reasonable."); *Vaccaro v. New Source Energy Partners L.P.*, No. 15 CV 8954, 2017 WL 6398636, at *8 (S.D.N.Y. Dec. 14, 2017) ("The fact that no class members have explicitly objected to these attorneys' fees supports their award."); *Veeco,* 2007 WL 4115808, at *10 (reaction of class members to fee and expense requests "is entitled to great weight by the Court" and absence of any objections "suggests that [a] fee request is fair and reasonable"); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02–CV–3400, 2010 WL 4537550, at *29 (S.D.N.Y. Nov. 8, 2010) (absence of objections to counsel's fee and expense request "attests to the approval of the Class" and supports approval).

## CONCLUSION

For the reasons set forth herein and the opening papers filed in support of the Motions, Lead Plaintiff and Lead Counsel respectfully request that the Court approve the proposed

Settlement and Plan of Allocation as fair, reasonable, and adequate, and approve the request for attorneys' fees and payment of expenses. Three proposed orders are being submitted herewith: a proposed Judgment, negotiated by the Parties; a proposed Order Approving Plan of Allocation; and a proposed Order Awarding Attorneys' Fees and Expenses.

DATED: February 20, 2026

Respectfully Submitted,

**LABATON KELLER SUCHAROW LLP**

  */s/ Michael H. Rogers*
Michael P. Canty
Michael H. Rogers
Jacqueline R. Meyers
Stephen Boscolo
Grace T. Harmon
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
mcanty@labaton.com
mrogers@labaton.com
jmeyers@labaton.com
sboscolo@labaton.com
gharmon@labaton.com

*Counsel for Lead Plaintiff Indiana Public Retirement System and Lead Counsel for the Proposed Settlement Class*

**<u>CERTIFICATION OF WORD-COUNT COMPLIANCE</u>**

The undersigned hereby certifies that the foregoing brief complies with the word limit set forth in Local Civil Rule 7.1(c). The word count, exclusive of the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates, is 1,673 words according to the word-processing system used to prepare the document.

Dated: February 20, 2026

<u>/s/ *Michael H. Rogers*</u>
Michael H. Rogers

i

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 20, 2026, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered ECF participants.


Dated: February 20, 2026

/s/ *Michael H. Rogers*
Michael H. Rogers
