USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/01/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE STONECO LTD. SECURITIES
LITIGATION

Civil Action No. 1:21-cv-9620
(GHW)(OTW)

## JUDGMENT

**WHEREAS:**

A.      Lead Plaintiff Indiana Public Retirement System ("Lead Plaintiff" or "INPRS"), on behalf of itself and the other members of the Settlement Class (defined below), on the one hand, and StoneCo Ltd. ("Defendant" or "StoneCo") on the other, and together with Lead Plaintiff, the "Parties"), have entered into the Stipulation and Agreement of Settlement, dated as of October 15, 2025 (the "Stipulation"), which provides for a complete dismissal with prejudice of the claims asserted in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

B.      Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered November 12, 2025 (the "Preliminary Approval Order"), the Court scheduled a hearing for February 27, 2026 at 3:30 p.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered; and (iii) rule on Lead Counsel's Fee and Expense Application;

C.      The Court ordered that the Postcard Notice, substantially in the form attached to the Preliminary Approval Order as Exhibit 4, be mailed by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of the Preliminary Approval Order (the "Notice

Date") to all potential Settlement Class Members who could be identified through reasonable effort, that the Summary Notice of the proposed Settlement and Fee and Expense Application (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *The Wall Street Journal* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date; and that the long-form Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Notice") and the Proof of Claim and Release form ("Claim Form"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, be posted on the website for the Settlement developed by the Claims Administrator, from which copies of the long-form Notice and Claim Form can be downloaded;

D.      The notices advised potential Settlement Class Members of the date, time, place, and purpose of the Settlement Hearing. The notices further advised that any objections to the Settlement were required to be filed with the Court on or before February 6, 2026;

E.      The provisions of the Preliminary Approval Order as to notice were complied with;

F.      As required by the Preliminary Approval Order, Lead Plaintiff moved for final approval of the Settlement on January 23, 2026.  The Settlement Hearing was duly held before this Court on February 27, 2026 at which time all interested Persons were afforded the opportunity to be heard; and

G.      This Court has duly considered Lead Plaintiff's motion for final approval of the Settlement, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement at the Settlement Hearing;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1.      **Incorporation of Settlement Documents.** This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on October 21, 2025; and (ii) the long-form

Notice and Postcard Notice, which were filed with the Court on January 23, 2026. Capitalized terms not defined in this Judgment shall have the meanings set forth in the Stipulation.

2. **Jurisdiction.** This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

3. **Class Certification for Purposes of Settlement**. The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: all persons and entities that purchased or otherwise acquired the publicly traded common stock of StoneCo Ltd. during the period from May 27, 2020 through November 16, 2021, both dates inclusive, and were allegedly damaged thereby.  Excluded from the Settlement Class are: (i) StoneCo; (ii) any person who was an officer or director of StoneCo during the Class Period; (iii) any firm, trust, corporation, or other entity in which StoneCo has or had a controlling interest; (iv) StoneCo's employee retirement and benefit plan(s), if any, and their participants or beneficiaries, to the extent they made purchases through such plan(s); and (v) StoneCo's employee retirement and benefit plan(s), if any, and their participants or beneficiaries, to the extent they made purchases through such plan(s)the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity, in their capacities as such.  Also excluded from the Settlement Class are any persons or entities who or which excluded themselves by submitting a timely and valid request for exclusion that is accepted by the Court.  Exhibit A attached hereto lists the requests for exclusion that are being accepted by the Court.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Indiana Public Retirement System as Class Representative for the Settlement Class; and finally appoints the law firm of Labaton Keller Sucharow LLP as Class Counsel for the Settlement Class.

5.  **Notice.** The Court finds that the dissemination of the Postcard Notice, Summary Notice, long-form Notice, and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Class Members of the effect of the Settlement, of the proposed Plan of Allocation for the proceeds of the Settlement, of Lead Counsel's request for payment of attorneys' fees and expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' rights to object thereto and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

6.  **Objections**.  There have been no objections to the Settlement.

7.  **Final Settlement Approval and Dismissal of Claims**.  Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, the Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's-length between experienced counsel; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

8.      Lead Plaintiff's Amended Class Action Complaint for Violation of the Federal Securities Laws filed on August 8, 2022, is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9.      **Rule 11 Findings**. The Court finds that during the course of the Action, the Parties and their respective counsel complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10.     **Releases.**  The releases set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.

11.     Upon the Effective Date of the Settlement, Lead Plaintiff and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim form or shares in the Net Settlement Fund.  Claims to enforce the terms of the Stipulation are not released.

12.     Upon the Effective Date of the Settlement, Defendant, on behalf of itself and its legal representatives, directors, officers, predecessors, successors, and assigns, in their capacities as such, shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Defendant's Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of

the Released Defendant's Claims against any and all of the Released Plaintiff Parties. Claims to enforce the terms of the Stipulation are not released.

13.     Notwithstanding paragraphs 11–12 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

14.     **Binding Effect.** Each Settlement Member, whether or not such Settlement Class Member executes and delivers a Claim Form or receives a payment from the Net Settlement Fund, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation and paragraph 11 above. The Persons listed on Exhibit A hereto are excluded from the Settlement Class pursuant to request and are not so bound.

15.     **No Admissions**. This Judgment and the Stipulation, whether or not consummated or Final, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements (including the Term Sheet), shall not be offered or received against or to the prejudice of the Parties or their respective counsel for any purpose other than to enforce the terms hereof, and in particular, but without limitation:

(a)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any allegation by Lead Plaintiff or the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiffs' Claims, or of any liability, damages, negligence, fault or wrongdoing of any of the Released Defendant Parties or any person or entity whatsoever, or of any infirmity in any of Defendant's defenses;

(b)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of a presumption, concession, or

admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendant, or against or to the prejudice of Lead Plaintiff, or any other member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff, or the other members of the Settlement Class;

(c)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiff, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiff, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d)    do not constitute, and shall not be construed against any of the Released Defendant Parties, Lead Plaintiff, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)    do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiff or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

16.    The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

17.    **Termination of the Settlement**.  In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated per the terms of the Stipulation, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settlement Fund shall be returned in accordance with paragraph 46 of the Stipulation.

18.    **Modification of the Stipulation.**  Without further approval from the Court, Lead Plaintiff and Defendant are hereby authorized, upon written agreement of all Parties to the Stipulation, to adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19.    **Fee Order and Order on Plan of Allocation**.  A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court.  A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund.  Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

20.    **Retention of Jurisdiction.**  Without affecting the finality of this Judgment in any way, this Court, including any assigned U.S. Magistrate Judge, hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest, and payment of expenses in the Action; (v) all Parties for the

8

purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.

21.     **Entry of Final Judgment.**  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.

SO ORDERED this 1st day of March 2026.

_____
HONORABLE GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE

9

**Exhibit A**

1.  Incline Funds (Global Enhanced Long Fund P; Incline Global Long Only QC Master LP; Incline Global Master LP; Incline Global Long/Short Equity UCITS Fund)

2.  D1 Capital Partners Master LP